**DENTON & ANDERSON CO. v. INDUCTION HEATING CORPORATION.**

No. 87, Docket 21455.

United States Court of Appeals Second Circuit.

Argued Dec. 7, 1949.

Decided Dec. 23, 1949.

Macklin, Speer, Hanan & McKernan, New York City; Conlen, LaBrum & Beechwood, Philadelphia, Pa. (James B. Doak, Philadelphia, Pa., and Leo F. Hanan, New York City, of counsel), for appellant.

Krause, Hirsch, Levin & Heilpern, New York City (Sydney Krause and Elliot L. Krause, New York City, of counsel), for appellee.

Before L. HAND, Chief Judge, and SWAN and FRANK, Circuit Judges.

Appellant moved for an order to require the debtor to pay this amount to appellant as an administration expense entitled to priority. The Referee in Bankruptcy entered an order denying this motion but directing that the claim be allowed as a general creditor's claim. The district court ordered that a petition for review of the Referee's order be denied. Appellant appeals.

FRANK, Circuit Judge.

Appellant's claim was not a debt "incurred" after the date of the filing of the arrangement petition. It was "incurred," before that date, when debtor accepted the orders obtained by appellant. That the debtor did not schedule any debt to appellant has no significance.

When the arrangement went into effect, and before the orders were filled and the debtor was paid, appellant could at once —under Bankruptcy Act Sections 57, sub. d and 63, sub. a(8)—have filed a claim either[1] (1) as an unliquidated claim or (2) as a contingent claim.[2] For appellant had fully performed, and the only possible questions were (a) whether the amount of the claim could be determined, and if so, (b) what the amount was. Had the orders not been filled and debtor paid, it would have been necessary, at most, in ascertaining the amount of the claim, to consider (because of clause 5 of the contract) the likelihood of the debtor's inability to fill the orders, and (because of clause 8) to take into account the credit standing of the customers who had given the orders. The facts that the orders were filled and the debtor paid

---

1. We need not decide which.

2. Section 57, sub. d—11 U.S.C.A. § 93, sub. d—reads in part: "Provided, however, That an unliquidated or contingent claim shall not be allowed unless liquidated or the amount thereof estimated in the manner and within the time directed by the court; and such claim shall not be allowed if the court shall determine that it is not capable of liquidation or of reasonable estimation or that such liquidation or estimation would unduly delay the administration of the estate or any proceeding under the act."

Bankruptcy Act, Section 63, sub. a, (8)

—11 U.S.C.A. § 103, sub. a, (8)—reads: "Debts of the bankrupt may be proved and allowed against his estate which are founded upon * * * (8) contingent debts and contingent contractual liabilities".

Section 63, sub. d—11 U.S.C.A. § 103, sub. d—reads: "Where any contingent or unliquidated claim has been proved, but, as provided in subdivision d of Section 57 of this act, has not been allowed, such claim shall not be deemed provable under this act."

See Collier on Bankruptcy (14th ed.) Sections 57.15 and 63.30.

844

by the customers served to remove any possible necessity for such an inquiry. But those facts did not convert appellant's claim into a preferred claim.

We see nothing in appellant's contention that appellant should have a preferred claim because the debtor's estate was, by appellant's services, enriched when debtor, having filled the orders, was paid. The estate was no more enriched than it would have been had the debtor bought goods on credit before filing the arrangement and sold them afterwards; and no one would argue that the unpaid seller of such goods is entitled to more than a general claim.

Affirmed.