**In re MARPLE PUBLISHING CO., INC., Debtor.**

**FRANK C. VIDEON, INC. Employees' Profit Sharing Trust, Plaintiff,**

**v.**

**MARPLE PUBLISHING CO., INC., Defendant.**

**Bankruptcy No. 81–01292G.**

**Adv. No. 82–0213G.**

United States Bankruptcy Court, E. D. Pennsylvania.

June 15, 1982.

Paul I. Guest, Jr., King of Prussia, Pa., for plaintiff, Frank C. Videon Employees Profit Sharing Trust.

Kathleen M. Valentine, J. Taney Willcox, Jr., Narberth, Pa., Edward J. DiDonato, Clark, Ladner, Fortenbaugh & Young, Philadelphia, Pa., for debtor, Marple Pub. Co., Inc.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The plaintiff, as the landlord of the property occupied by the defendant, alleging that the defendant assumed an unexpired lease, seeks an order requiring the defendant to cure the existing default on said lease, as required by § 365(b)(1). We will deny the request.

This appears to be a case of first impression. The facts, being stipulated, are not in dispute. Hence the issue before us is purely one of law.[1] The relevant facts are as follows: The plaintiff is the owner of the premises 67 South Newtown Street Road, Newtown Square, Pennsylvania, which it rents to the debtor ("the defendant") under a written lease which continues until October 31, 1986. When the debtor filed its chapter 11 petition on April 8, 1981, it was in arrears for prepetition rent in the amount of $19,992.03. The plaintiff, accordingly, applied to the court for an order directing the defendant to either assume or reject the lease and, in May, 1981, we directed the defendant to state its intention. On August 6, 1981, the debtor filed its plan of reorganization pursuant to Article V of which, it assumed said lease.

On February 1, 1982, the plaintiff filed the complaint which is presently before us seeking an order to compel the debtor to cure the existing default by the payment of the prepetition rent. On March 19 the defendant conveyed to the plaintiff its intention to vacate the leased premises and, on April 1, 1982, vacated the property. (While it is immaterial to the determination of the issue before us, we note that the defendant subsequently filed an amended plan of reorganization, in Article V of which it rejected the heretofore assumed lease.)

Section 365(a) of the Bankruptcy Reform Act of 1978 ("the Code") is applicable. It provides that

(a) Except as provided in sections 765 and 766 of this title and in subsections (b), (c), and (d) of this section, the trustee, *subject to the court's approval*, may assume or reject any executory contract or unexpired lease of the debtor.

(b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—

---

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

(A) cures, or provides adequate assurance that the trustee will promptly cure, such default;

(Emphasis supplied.)

There being no trustee in this case, the defendant, as debtor in possession had the powers vested in a trustee. Section 1107(a) of the Code provides that

> Subject to any limitations on a trustee under this chapter, and to such limitations or conditions as the court prescribes, a debtor in possession, shall have all the rights, other than the right to compensation . . . and powers, and shall perform all the functions and duties . . . of a trustee serving in a case under this chapter.

Under § 64a(5) of the Bankruptcy Act of 1938 [2] a landlord was entitled to a priority for three months prepetition rent. This priority has been completely eliminated by the Code and the landlord has no priority but merely shares in distribution with other unsecured creditors. Consequently, if an unexpired lease is assumed by a debtor in possession under the Code, and such action is approved by the court, such assumption creates a new administrative obligation of the estate which is payable as a first priority under § 507(a)(1). Equally important is the fact that such assumed obligation is a postpetition debt that is not discharged by a confirmation of a chapter 11 case, and it therefore continues to be an obligation of the reorganized debtor.[3]

■ Counsel for the plaintiff, in an otherwise commendable Memorandum of Law,[4] overlooks the mandatory provision of § 365(a) that any assumption or rejection of an unexpired lease is devoid of validity without the court's approval. In the case at bench, no one sought or obtained the approval of the court.

While § 365(a) expressly provides that the assumption or rejection of any unexpired lease is subject to court approval, the Code contains very little of a procedural nature. Hence it is not surprising that § 365 fails to suggest the procedure for obtaining court approval. The procedural process to implement this section will probably be prescribed by future bankruptcy rules which are now in the process of being prepared.[5] However, the fact remains unchallenged that, while the defendant first sought to assume, then breached (by removing from the premises), and finally sought to reject the lease, none of these actions were with the court's approval. The attempted assumption and the subsequent attempted rejection were, therefore, devoid of legal significance.

To recapitulate: If an unexpired lease is assumed by the debtor in possession and such action is approved by the court, such assumption and approval creates a new administrative obligation of the estate which must be paid as a first priority in distribution.[6] In addition, the debtor in possession must cure any default.[7] But, lacking the court's approval, none of the above applies and the plaintiff's complaint seeking an order requiring the debtor in possession to cure the prepetition default must be denied.

---

2. This Act was superseded on October 1, 1979, by the Bankruptcy Reform Act of 1978.

3. Norton on Bankruptcy Law & Practice, § 23.-05.

4. Counsel for the defendant filed no responsive brief, either because of ineptitude or unconcern. Her failure to do so was a discourtesy to the court and a disservice to her client.

5. Among the matters set forth in Appendix 1 of the House Judiciary Committee Report to be dealt with by Rules of Bankruptcy Procedure or by local rules of court is "(59) Procedure for court approval of trustee's approval or rejection of executory contracts or unexpired leases including the method of initiating such approval and any notice required." H.R.Rep.No.95–595, 95th Cong. 1st Sess. 295 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6252.

6. 11 U.S.C. § 507(a)(1).

7. 11 U.S.C. § 365(b)(1)(A).