680 F.2d 619
 110 L.R.R.M. (BNA) 3077, 95 Lab.Cas. P 13,788,
Bankr. L. Rep. P 68,916
 In the Matters of HEALTH MAINTENANCE FOUNDATION, California
Health Foundation, Health Maintenance Inc., Health
Maintenance Inc. of Northern California, and Health
Maintenance Inc. of Arizona, Bankrupts.
Kal W. LINES, Trustee, Appellant,
v.
SYSTEM BOARD OF ADJUSTMENT NO. 94 BROTHERHOOD OF RAILWAY,
AIRLINE & STEAMSHIP CLERKS, et al., Appellees.
 No. 81-4277.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted April 14, 1982.
Decided June 29, 1982.
 
 Merle C. Meyers, Goldberg, Stinnett & MacDonald, San Francisco, Cal., for appellant.
 Philip S. Warden, Dinkelspiel & Dinkelspiel, San Francisco, Cal., for appellees.
 Appeal from the United States District Court for the Northern District of California.
 Before GOODWIN, FLETCHER and POOLE, Circuit Judges.
 GOODWIN, Circuit Judge.
 
 
 1
 Appellant Lines, the Trustee for Health Maintenance Foundation, et al. (HMF), the bankrupts, appeals the district court's decision that severance pay for certain employees of HMF is entitled to priority status as a cost of administration payable before all other unsecured claims against the bankruptcy estate. (See 11 U.S.C. § 104(a)(1) (section 64(a)(1) of the Bankruptcy Act of 1898, now repealed). The provisions and policies of the former bankruptcy act require us to reverse.
 
 
 2
 The facts of this case are not in dispute. Prior to June 1975, HMF operated several health maintenance organizations employing a variety of medical and hospital staff members. These employees were represented in collective bargaining by appellee, Brotherhood of Railway, Airline and Steamship Clerks, Freight Handlers, Express and Station Employees (BRAC). In June 1975, HMF instituted Chapter XI proceedings and appellant was appointed trustee. Two months later, in August, HMF was adjudicated bankrupt under Chapter VII of the former bankruptcy act.
 
 
 3
 In April 1980, BRAC filed claims on behalf of several former HMF employees for recovery of severance pay. BRAC also sought to have the severance pay accorded priority status under § 64(a)(1) of the former bankruptcy act as a cost of administration during the short-lived Chapter XI proceeding. Lines, the trustee, objected to treatment of the severance pay as a cost of administration.
 
 
 4
 BRAC entered into a collective bargaining agreement with two of the bankrupts, in effect at all times pertinent herein, which provided, inter alia, for the calculation and payment of separation allowance. Specifically, the agreement provided for calculation of separation allowance pay as follows: 360 days separation allowance for employees hired on or before September 10, 1963; $100 for employees with one year or less of service (with further specifications of pay based on length of service).
 
 
 5
 The employees for whom BRAC seeks expense of administration status for separation allowance were terminated during the Chapter XI proceedings. Most of the employees for whom BRAC seeks recovery had been hired on or before September 10, 1963. As to the others, each claiming employee had served the requisite number of years for the allowance claimed prior to June 27, 1975, the date of the commencement of the Chapter XI proceedings herein.
 
 
 6
 Based on these facts, the bankruptcy court denied priority status to the employees' severance pay claims, citing In re Mammoth Mart, Inc., 536 F.2d 950 (1st Cir. 1976). The district court reversed, holding that severance pay was a cost of administration. The trustee appeals. Our jurisdiction rests on 11 U.S.C. § 47, (repealed 1978).
 
 
 7
 Section 64(a)(1) of the former bankruptcy act provides in part:
 
 
 8
 "(a) The debts to have priority, in advance of the payment of dividends to creditors, and to be paid in full out of bankrupt estates, and the order of payment, shall be (1) the costs and expenses of administration, including the actual and necessary costs and expenses of preserving the estate subsequent to filing the petition; ...."
 
 
 9
 Although by its terms this section applies to straight bankruptcies, the act provides elsewhere that section 64 governs Chapter XI arrangements. 11 U.S.C. § 702 (now repealed). The trustee contends that severance pay in this case cannot qualify as a cost of administration under section 64(a)(1).
 
 
 10
 There are two general types of severance pay: (1) pay at termination in lieu of notice; and, (2) pay at termination based on length of employment. The first type of severance pay appears to be entitled to priority payment as a cost of administration. In re Public Ledger, 161 F.2d 762, 771 (3d Cir. 1947). The presumption is that the trustee chose to terminate the employee without notice as a part of administering the Chapter XI reorganization, and the severance pay in lieu of notice is therefore considered a cost of administration.
 
 
 11
 Three circuits have considered the second type of severance pay-that based on length of employment-which is at issue here. The First and Third Circuits hold that such severance pay is not entitled to priority as a cost of administration. In re Mammoth Mart, Inc., supra, 536 F.2d at 955; In re Public Ledger, 161 F.2d at 774. The Second Circuit holds that it is. Straus-Duparquet, Inc. v. Local No. 3 Int. Bro. of Elec. Wkrs., 386 F.2d 649, 651 (2d Cir. 1967).
 
 
 12
 We find persuasive the view taken by the the First and Third Circuits, and hold that severance pay based on length of service is not entitled to priority status under § 64(a)(1). The fundamental purpose of Chapter XI reorganization is rehabilitation of the debtor's business. To this end, the Chapter XI trustee may terminate unprofitable activity or enter new agreements to revive the endangered enterprise. Guaranteeing priority payment to creditors of the trustee encourages such creditors to do business with a company undergoing Chapter XI reorganization. From these general considerations, the First Circuit has derived the rule that:
 
 
 13
 "(A) creditor's right to payment will be afforded first priority only to the extent that the consideration supporting the claimant's right to payment was both supplied to and beneficial to the ... (trustee) in the operation of the business....
 
 
 14
 "Because the amount of the severance pay claims depends upon the length of employment, the consideration supporting ... (the employees') claims was the services performed for ... (debtor) over the entire period of ... employment. Since no part of their present claims arise (sic) from services performed for the ... (trustee), no portion of appellant's claims may receive § 64(a)(1) priority." In re Mammoth Mart, Inc., supra, 536 F.2d at 954-55.
 
 
 15
 This reasoning fits the facts of the instant case. By stipulation, all of the employees here earned the severance pay they claim before HMF entered into Chapter XI reorganization. Hence, none of the consideration supporting their claims was either supplied to or beneficial to the trustee. Under Mammoth Mart, therefore, the claims are not entitled to priority.
 
 
 16
 Appellee BRAC does not attempt to refute the reasoning of Mammoth Mart. Instead, it offers two grounds for distinguishing the case. Neither is persuasive. First, BRAC argues that the trustee benefited from the willingness of HMF employees to continue working during the attempted Chapter XI reorganization, and that this willingness to work constitutes the requisite consideration necessary to justify priority status for the severance pay claims. This argument misconstrues the scope of the relevant consideration. It was not the employees' work for the trustee that earned the severance pay, rather it was work performed prior to the Chapter XI proceeding that earned the pay. Willingness to continue work after HMF entered Chapter XI does not increase the consideration supporting their severance pay claims. All the consideration necessary for those claims had accrued before bankruptcy occurred.
 
 
 17
 Second, BRAC, points out that Mammoth Mart involved a company severance pay policy unrepudiated by the trustee whereas the instant case involves a collective bargaining agreement implicitly assumed by the trustee. The trustee contends that he could not assume the collective bargaining agreement without court approval. Even assuming, arguendo, that the trustee assumed HMF's side of the collective bargaining agreement, it does not follow that employee severance pay earned under the agreement is entitled to priority status. In Public Ledger, the court considered severance pay claims pursuant to a collective bargaining agreement implicitly assumed by the trustee. The court found severance pay earned prior to the assumption entitled to second (wage) priority under § 64(a)(2), and severance pay earned after the assumption entitled to first priority under § 64(a)(1). 161 F.2d at 771-774. As in Mammoth Mart, the court reached this result based on its view of the consideration supporting the severance pay claims. Thus the trustee's assumption of a collective bargaining agreement in the instant case would not require a result different from that reached in Mammoth Mart.
 
 
 18
 Reversed.