**In re HOUSE OF EMERALDS, INC., Debtor.**

**Bankruptcy No. 85–00124.**

United States Bankruptcy Court, D. Hawaii.

Aug. 12, 1985.

Erik Zen, Honolulu, Hawaii, for debtor.

Nicholas C. Dreher and Allen Sakai, Honolulu, Hawaii, for Royal Hawaiian Shopping Center.

## ORDER DENYING MOTION FOR APPROVAL OF ASSUMPTION OF LEASE

JON J. CHINEN, Bankruptcy Judge.

On March 15, 1985, the House of Emeralds ("Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. On May 10, 1985, the Debtor filed a Notice of Assumption of its store lease with the Royal Hawaiian Shopping Center, Inc. ("Royal Hawaiian Shopping Center"). Subsequently, on May 13, 1985, the Debtor filed a Motion for Approval of Assumption of Lease, in which it requested court approval of the assumption of its lease with the Royal Hawaiian Shopping Center. A hearing on the Motion for Approval of Assumption of Lease was held on June 6, 1985. Erik Zen appeared on behalf of the Debtor. Nicholas C. Dreher and Allen Sakai appeared on behalf of the Royal Hawaiian Shopping Center. Having considered the records and files in this case as well as the arguments of counsel, the Court renders the following decision.

The "Shopping Center Bankruptcy Amendments", enacted as the Leasehold Management Amendments under the Bankruptcy Amendments and Federal Judgeship Act of 1984 [1], were intended to remedy the serious problems imposed upon shopping centers and their solvent tenants as a result of the administration of the bankruptcy code. 130 Cong.Rec. S8894–95 (daily ed. June 29, 1984) (remarks of Senator Hatch). For example, the Shopping Center Amendments were intended to remedy problems such as "the long-term vacancy or partial operation of space by a bankrupt tenant." *Id.* The legislative history indicates that Congress proposed to "lessen the problem caused by extended vacancies and partial operation of tenant space by requiring that the trustee decide whether to assume or reject nonresidential real property lease within 60 days after the order for relief in a case under any chapter." *Id.* Moreover, Congress explicitly provided for the immediate surrender of the property to the lessor if the lease is not assumed or rejected within the 60 day period or within any additional time granted by the court. *Id.* These changes are found in Section 365(d)(4) of the Bankruptcy Code. In particular, Section 365(d)(4) provides as follows:

1. Pub.L. 98–353, 98 Stat. 333 (July 10, 1984).

Notwithstanding paragraphs (1) and (2), in a case under any chapter of this title, if the trustee does not assume or reject an unexpired lease of nonresidential real property under which the debtor is the lessee within 60 days after the date of the order for relief, or within such additional time as the court, for cause, within such 60-day period, fixes, then such lease is deemed rejected, and the trustee shall immediately surrender such nonresidential real property to the lessor.

11 U.S.C. § 365(d)(4) (1984). Although the legislative history indicates that Congress intended to remedy problems imposed upon shopping centers, the language of Section 365(d)(4) is not limited to shopping centers. Section 365(d)(4) broadly covers unexpired leases of all types of nonresidential real property.

The instant case falls directly within the protection afforded by Section 365(d)(4). The Debtor is the lessee of premises at the Royal Hawaiian Shopping and was engaged in the business of operating a jewelry store in the shopping center. On March 15, 1985, the Debtor filed a petition under Chapter 11 to seek reorganization under the umbrella of the bankruptcy court. The Debtor intended to assume the lease with the Royal Hawaiian Shopping Center and to continue the operation of its business. Pursuant to Section 365(d)(4), the Debtor was required to assume the store lease within sixty (60) days from the date of the filing of the petition. In other words, the Debtor was required to assume the lease by May 24, 1985. 11 U.S.C. § 365(d)(4).

*See In the Matter of Barrister of Delaware, Ltd.*, 49 B.R. 446 (Bankr.D.Dela. 1985).

The requirements for the assumption of an unexpired lease of nonresidential real property are stringent. First, if there has been a default, the trustee, or the debtor in possession in a chapter 11 case, may not assume the lease unless the following conditions are satisfied: (1) the trustee must cure or provide adequate assurances that the trustee will promptly cure the default; (2) the trustee must compensate, or provide adequate assurance that the trustee will promptly compensate a party to the lease for any pecuniary loss resulting from the default; and (3) the trustee must provide adequate assurance of future performance under the lease.[2]

Furthermore, in the case of a lease of real property located in a shopping center, such as the Debtor's lease with the Royal Hawaiian Shopping Center, the trustee must provide the following as additional prerequisites to assumption: (1) adequate assurance of the source of rent and other consideration due under the lease; (2) adequate assurance that any percentage rent due under the lease will not decline substantially; (3) adequate assurance that the assumption is subject to all the provisions of the lease, including provisions such as radius, use or exclusivity provisions and that assumption will not breach any such provisions contained in any other lease, financing agreement or master agreement relating to the shopping center; and (4) that assumption will not disrupt any tenant

---

**2.** 11 U.S.C. § 365(b)(1). In particular, Section 365(b)(1) provides as follows:

(b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—

(A) cures, or provides adequate assurance that the trustee will promptly cure, such default;

(B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and

(C) provides adequate assurance of future performance under such contract or lease. *See In re Integrated Petroleum Company, Inc.*, 44 B.R. 210 (Bankr.N.D.Ohio 1984). In addition, Section 365(b)(2) provides as follows:

(b)(2) Paragraph (1) of this subsection does not apply to a default that is a breach of a provision relating to—

(A) the insolvency or financial condition of the debtor at any time before the closing of the case;

(B) the commencement of a case under this title; or

(C) the appointment of or taking possession by a trustee in a case under this title or a custodian before such commencement.

mix or balance in the shopping center.[3] In addition to the foregoing, the trustee may not assume the lease under certain situations articulated in Section 365(c).[4]

■ Second, a motion to assume must be filed with the Court and a hearing must be held to determine any issues concerning the requirements for assumption. Rules of Bankruptcy Procedure Rule 6006. *See In re By-Rite Distributing, Inc.,* 47 B.R. 660, 668 (Bankr.D.Utah 1985).

Third, bankruptcy court approval of the assumption must be obtained. *Id.; In re Kelly Lyn Franchise Co.,* 26 B.R. 441, 445 (Bankr.M.D.Tenn.1983); 2 Collier on Bankruptcy § 365–15 (15th ed.). In its Reply Memorandum, the Debtor argues that court approval is not required and that assumption may be shown by word or conduct consistent with the trustee's intention to assume. The Debtor relies upon the Ninth Circuit's ruling in the case of *In re Huntington,* 654 F.2d 578, 587 (9th Cir. 1981), as well as on this court's prior ruling in the case of *In re Daiichi-Kanko, Inc.,* 24 B.R. 163, 166 (Bankr.Haw.1982). It is important to note that these cases interpreted Section 70(b) of the prior Bankruptcy Act. As noted by the court in *In re By-Rite Distributing,* "Section 365 of the Bankruptcy Code ... represents a significant departure from its predecessor, Section 70b of the Bankruptcy Act." 47 B.R. at 660. Further, the court noted that former Bankruptcy Rule 607, which governed the procedure for assumption or rejection, suggested but did not mandate court approval. Former Bankruptcy Rule 607 provided that *"[w]henever practicable,* the trustee shall obtain approval of the court before he assumes a contract." (Emphasis added). In contrast, Section 365(a) of the present Bankruptcy Code specifically provides that the trustee "subject to the court's approval" may assume or reject any executory contract or unexpired lease of the debtor.[5] As such, the Debtor's reliance

3. 11 U.S.C. § 365(b)(3). Section 365(b)(3) provides as follows:

(3) For the purposes of paragraph (1) of this subsection and paragraph (2)(B) of subsection (f), adequate assurance of future performance of a lease of real property in a shopping center includes adequate assurance—

(A) of the source of rent and other consideration due under such lease, and in the case of an assignment, that the financial condition and operating performance of the proposed assignee and its guarantors, if any, shall be similar to the financial condition and operating performance of the debtor and its guarantors, if any, as of the time the debtor became the lessee under the lease;

(B) that any percentage rent due under such lease will not decline substantially;

(C) that assumption or assignment of such lease is subject to all the provisions thereof, including (but not limited to) provisions such as a radius, location, use, or exclusivity provision, and will not breach any such provision contained in any other lease, financing agreement, or master agreement relating to such shopping center; and

(D) that assumption or assignment of such lease will not disrupt any tenant mix or balance in such shopping center.

4. Section 365(c) provides as follows:

(c) The trustee may not assume or assign an executory contract or unexpired lease of the debtor, whether or not such contract or lease prohibits or restricts assignment of rights or delegation of duties, if—

(1)(A) applicable law excuses a party, other than the debtor, to such contract or lease from accepting performance from or rendering performance to an entity other than the debtor or the debtor in possession or an assignee of such contract or lease, whether or not such contract or lease prohibits or restricts assignment of rights or delegation of duties; and

(B) such party does not consent to such assumption or assignment; or

(2) such contract is a contract to make a loan, or extend other debt financing or financial accommodations, to or for the benefit of the debtor, or to issue a security of the debtor; or

(3) such lease of nonresidential real property has been terminated under applicable nonbankruptcy law prior to the order for relief.

5. In addition, the consequences of assumption mandates court approval. As explained by the court in *In re Marple Publishing Co., Inc.,* 20 B.R. 933, 935 (Bankr.E.D.Penn.1982),

[u]nder § 64a(5) of the Bankruptcy Act of 1938, a landlord was entitled to a priority for three months prepetition rent. This priority has been completely eliminated by the Code and the landlord has no priority but merely shares in distribution with other unsecured creditors. Consequently, if an unexpired

on cases such as *In re Huntington* and *In re Daiichi-Kanko, Inc.*, which concern Section 70(b) of the Bankruptcy Act, is misplaced. Under Section 365 of the Bankruptcy Code, court approval must be obtained in order to assume an unexpired lease of the debtor. *In re Kelly Lyn Franchise Co., Inc.*, 26 B.R. 441 (Bankr.M.D.Tenn.1983); *In re By-Rite Distributing, Inc.*, 47 B.R. 660 (Bankr. Utah 1985); *Frank C. Videon, Inc. v. Marple Publishing Co.*, 20 B.R. 933 (Bankr.E.D.Pa.1982).

▬ Fourth, bankruptcy court approval must be obtained within the sixty day period established by Section 365(d)(4) or within such additional time as the court, within such sixty day period, fixes upon a showing of proper cause. *In re By-Rite Distributing, Inc.*, 47 B.R. at 669. For timing purposes, court approval occurs when the court renders its ruling from the bench at the time of the hearing on the motion for assumption and not when the written order approving assumption is entered on the docket. *Id.* It is mandatory that the motion to assume is filed and that the hearing on the motion is held within the sixty day period. In other words, even if the motion is filed within the sixty day period, court approval may not fall outside of that time. *Id.* Likewise, the filing of the motion to assume does not extend the period for assumption or rejection. 47 B.R. at 670.

Furthermore, although Section 365(d)(4) provides for an extension of time, the motion for extension of time to assume or reject must be heard and granted within the sixty day period. 47 B.R. at 670. In particular, Section 365(d)(4) expressly provides that the court may "within such 60-day period" extend the time for cause. Such a motion for extension of time may be presented on an *ex parte* basis and the bankruptcy court may enter an order ex-

tending time for assumption or rejection upon a proper showing of cause. *Id.*

The requirement that these motions be approved by the court prior to the expiration of the sixty day period or prior to the expiration of the extension granted by the court is consistent with the legislative intent to resolve the uncertainties relating to the status of the lease relationship. *Id.* See H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 348 (1977), 1978 U.S.Code Cong. & Admin.News, 5787 at 6304.

It is also consistent with the legislative intent to provide the lessor with the immediate possession of the property upon the lessee's failure to assume or reject within the prescribed period. Section 365(d)(4) specifically states that if the trustee does not assume or reject an unexpired lease of nonresidential real property within sixty days after the order for relief or within such additional time as the court, for cause, within such 60-day period fixes, then such lease is deemed rejected and the trustee shall immediately surrender such property. The Court notes that the provision for the immediate surrender of the property is an added protection which is conspicuously absent in Section 365(d)(1) which provides for the rejection of an executory contract or unexpired lease of residential real property or of personal property of the debtor in a chapter 7 case if the trustee does not assume or reject within sixty days. As such, it is clear that the legislature intended to give added protection to lessors of nonresidential real property. This added protection is the immediate surrender of the premises at the expiration of the prescribed period if the lease has not been assumed or rejected within this period. For this reason, the requirement that court approval be obtained within such a period is consistent with this legislative intent.

Section 365(d)(4), as implemented by Bankruptcy Rule 6006, "requires the Debt-

---

lease is assumed by a debtor in possession under the Code, and such action is approved by the court, such assumption creates a new administrative obligation of the estate which is payable as a first priority under § 507(a)(1). Equally important is the fact

that such assumed obligation is a postpetition debt that is not discharged by a confirmation of a chapter 11 case, and it therefore continues to be an obligation of the reorganized debtor.
*Id.* at 935.

or to take appropriate steps, including notice, a hearing and court approval within the 60-day period in order to assume." 47 B.R. at 670. However, in certain limited circumstances, the Court may be willing to consider utilizing its broad equitable powers under Section 105(a) of the Bankruptcy Code to maintain the status quo. First, the trustee must have filed a motion for an extension of time within which to assume or reject. Second, the trustee must bring the matter to the attention of the Court regarding the need for an expedited hearing or for an expedited consideration of the *ex parte* motion, such as filing a motion for an expedited hearing or for an expedited consideration of the *ex parte* motion. Finally, the Court must have been unable to hear the motion for an extension of time or to consider the *ex parte* motion because of its heavy caseload or because of other court matters. In such a situation, the Court may utilize its Section 105(a) powers which permit the Court to issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code. Such a situation is similar to a situation involving the termination of the automatic stay when a hearing on a motion for relief from stay is not heard within thirty days after the request for relief from the stay or if a final hearing is not held within thirty days after the preliminary hearing. 11 U.S.C. § 362(e). In such a situation, Courts have held that if the stay terminated due to the court's inability to consider the matter as a result of its heavy caseload, the court may utilize its Section 105(a) powers to continue the automatic stay. *See In re Sandmar Corp.*, 16 B.R. 120 (Bankr.D.N.Mex.1981); *In re Bank Hapoalim B.M., Chicago Branch*, 42 B.R. 376 (Dist.N.D.Ill.1984); *In re Brusich & St. Pedro Jewelers, Inc.*, 28 B.R. 545 (Bankr.E.D.Penn.1983); *Browning v. Navarro*, 743 F.2d 1069 (5th Cir.1984); *In the Matter of Martin Exploration Company*, 731 F.2d 1210 (5th Cir.1984); *In re Small*, 38 B.R. 143 (Bankr.D.Md.1984). *But see In re Wood*, 33 B.R. 320, 321 (Bankr.D.Idaho 1983). The Court, however, will not utilize its Section 105(a) powers in a case involving Section 365(d)(4) if the trustee has failed to keep abreast of the new changes in the Bankruptcy Code, Rules and case law and later requests the Court to excuse him from his own negligence.

Finally, as noted by the court in the case of *In re By-Rite Distributing, Inc.*, "[s]ince the 60-day termination rule is for the benefit of lessors, they can, presumably, waive its application." 47 B.R. at 670. Waiver of the sixty day rule may take the form of a stipulation by which the lessor may grant the lessee additional time within which to assume or reject the lease.

■ Having reviewed the records and files in this case and having considered the arguments of counsel, the Court finds that the Debtor failed to satisfy the requirements for the assumption of the store lease with the Royal Hawaiian Shopping Center. In particular, the Debtor failed to obtain court approval of the assumption within the sixty day period. Although the Debtor filed a Notice of Assumption and a Motion to Assume within the sixty day period, the Debtor failed to obtain court approval of the assumption within the sixty day period as required by Section 365(d)(4). The Court also notes that the Debtor failed to request an expedited hearing on its Motion to Assume. Furthermore, the Debtor failed to file a Motion for an Extension of Time within which to assume or reject the lease.

Based on the foregoing, IT IS HEREBY ORDERED

1. That the Debtor's Motion for Approval of Assumption of Lease is denied and that the lease is deemed rejected.

2. That the Debtor is ordered to vacate the leased premises and to surrender the lease premises to the Royal Hawaiian Shopping Center on or before June 30, 1985.