**In re LYKES BROS. STEAMSHIP CO., INC., Debtor.**

No. 95–10453–8P1.

United States Bankruptcy Court, M.D. Florida.

Aug. 29, 1997.

Harley Riedel, Tampa, FL, for debtor.

Larry Foyle, Tampa, FL, for Otero.

Mindy A. Mora, Paul S. Singerman, Miami, FL, Official Unsecured Creditors' Committee Counsel.

U.S. Trustee, Tampa, FL.

**ORDER ON MOTIONS FOR SUMMARY JUDGMENT ON DEBTOR'S OBJECTION TO MOTION FOR ALLOWANCE OF CLAIM OR ADMINISTRATIVE EXPENSE**

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a confirmed Chapter 11 case and the matters under consideration are Motions for Summary Judgment filed by Lykes Bros. Steamship Co., Inc. and Carmen Otero (Otero), respectively. The Motions are filed in a contested matter presented for this Court's consideration by the Debtor's Objection to the Motion for Allowance of Claim or Administrative Expense filed by Carmen Otero. Both the Debtor and Otero contend that the facts relevant to the resolution of the matter under consideration, that is the allowability of the claims filed by Otero, are without dispute. Each, however, takes the position that based on those undisputed facts, each is entitled to a judgment in its respective favor as a matter of law.

On April 21, 1997, Otero filed a Motion for Allowance of Claim or Administrative Expense and a Proof of Claim, asserting an unsecured priority claim in the amount of $23,034.50. The facts as set forth in the Motion filed by Otero are indeed without dispute and can be summarized as follows:

Otero is a citizen of Peru who was employed by the Debtor in its Peruvian offices from 1979 to January 15, 1996. Otero's employment was terminated post-petition. Under Peruvian law, Otero was entitled to receive upon termination of her employment, an amount equal to one month's salary for each year of employment. Otero claims that under Peruvian her seventeen years of employment entitles her to severance pay in the amount of $23,034.50 in U.S. currency and this amount should be classified in whole or in part as a priority claim either under 11 U.S.C. § 507(a)(4) as an "employment benefit" claim, or under 11 U.S.C. § 507(a)(3) as severance pay or wages. Otero also contends that to the extent wages were earned by her post-petition, they are entitled to be recognized as an administrative expense priority pursuant to 11 U.S.C. § 503(b).

In opposition, the Debtor contends that the majority of Otero's claim must be classified as a general unsecured claim. Specifically, the Debtor contends that of 204 months, i.e. seventeen years, during which time Otero was employed by the Debtor, only about three months of her employment took place after the commencement of the Chapter 11 case. In addition, the Debtor contends that only ninety days of employment occurred within the priority period of 11 U.S.C. § 507(a)(3).

Based on the foregoing, the Debtor maintains that (1) the portion of the severance pay earned postpetition is entitled to be treated as an administrative claim under 11 U.S.C. § 503(b) in the amount of $338.62; (2) those wages earned three months prior to the bankruptcy would be entitled to be a priority wage claim pursuant to 11 U.S.C. § 507(a)(3) in the amount of $338.62; and (3) the balance of Otero's claim should be allowed but treated only as a general unsecured claim in the amount of $22,557.26.

▮ The issue of the allowability of severance pay as a cost of administration, thus a first priority in payment pursuant to 11 U.S.C. § 503(b) has been extensively litigated. Such claims have not been treated uniformly by those circuits that considered the issue. Notably, the Second Circuit Court of Appeals, in considering this issue, concluded that an obligation to pay severance pay, arising out of the post-petition termination of an employee, constitutes a cost of doing business and as such is an administrative expense entitled to priority. *See In re Spectrum Information Technologies, Inc.,* 193 B.R. 400 (Bankr.E.D.N.Y.1996) (citing cases decided under the Bankruptcy Act of 1898); *See Straus–Duparquet, Inc. v. Local Union No. 3 Intern. Broth. of Elec. Workers,* 386 F.2d 649 (2d Cir.1967); *Trustees of Amalgamated Ins. Fund v. McFarlin's, Inc.,* 789 F.2d 98 (2d Cir.1986). The majority of the circuits, however, hold that severance pay based on the length of employment accrues over the entire period of employment and thus is not entitled to priority as a cost of administration. *In re Rawson Food Services, Inc. v. Creditors' Committee,* 67 B.R. 351, 353 (M.D.Fla.1986). This view is supported by the rules generally governing administrative claims and is more consistent with sound public policy. *In re Roth American, Inc.,* 975 F.2d 949 (3rd Cir.1992); *In re Health Maintenance Foundation,* 680 F.2d 619 (9th Cir.1982); *In re Mammoth Mart, Inc.,* 536 F.2d 950 (1st Cir.1976); *In re Public Ledger,* 161 F.2d 762 (3rd Cir.1947).

According to the Debtor, the rational of these decisions has been adopted by at least two circuits albeit in a slightly different factual setting. *See In re Amarex,* 853 F.2d 1526 (10th Cir.1988); *In re Jartran, Inc.,* 732 F.2d 584 (7th Cir.1984). The Debtor points out that the reasoning and conclusions of both the District Court and the Bankruptcy Court in *Rawson Food Services, supra* and *In re Rawson Food Services, Inc.,* 61 B.R. 207 (Bankr.M.D.Fla.1986) support its position. There, both the Bankruptcy Court and District Court disallowed administrative priority to employee claims for severance pay where all parties understood that it was the prepetition services which had earned the severance benefits. Since the prepetition services were not performed for the debtor-in-possession and were not beneficial to the estate, the severance benefits arising from these services were not entitled to priority payment as an administrative expense. *Id.,* 61 B.R. at 209.

Even in the Second Circuit there is some doubt whether the rule first announced in *Straus–Duparquet* is still binding under the Code. For instance, in the Southern District of New York, the Bankruptcy Court denied administrative expense priority for severance benefits based on years of service. *In re Hooker Investments, Inc.*, 145 B.R. 138 (Bankr.S.D.N.Y.1992); *In re Drexel Burnham Lambert Group, Inc.*, 138 B.R. 687 (Bankr.S.D.N.Y.1992). As pointed out by Judge Abram in *Hooker*, the Second Circuit in *Amalgamated Insurance Fund, supra* held that when severance pay represents compensation for an employee's past services, it is not an administrative expense entitled to priority. This Court is aware that in the Eastern District of New York, Chief Judge Duberstein in *Spectrum Information Technologies, supra* relied upon *Amalgamated Insurance Fund's* refusal to expressly disavow *Straus–Duparquet* as evidence that the rule still applied.

The Eleventh Circuit has not had occasion to rule on this precise issue; yet, there is hardly any doubt that the Eleventh Circuit would espouse the general proposition that statutory priorities shall be narrowly construed to foster the presumption that the limited resources of the Debtor should be equally distributed among creditors. As noted in the case of *Amalgamated Insurance Fund, supra,*

> ... [A]n expense is administrative only if it arises out of a transaction between the creditor and the bankrupt's trustee or debtor in possession and 'only to the extent that the consideration supporting the claimant's right to payment was both supplied to and beneficial to the debtor in possession in the operation of the business.' ... A debt is not entitled to priority simply because the right to payment arises after the debtor-in-possession has begun managing the estate.

*Id.,* 789 F.2d at 101 (citations omitted); *See also, In re Templeton*, 154 B.R. 930, 934 (Bankr.W.D.Tex.1993). As stated in *Mammoth Mart, supra,*

> ... [i]f one claimant is to be preferred over others, the purpose should be clear from the statute ... To give priority to a

claimant not clearly entitled thereto is not only inconsistent with the policy of equality of distribution, it dilutes the value of the priority for those creditors Congress intended to prefer.

(citations omitted).

Considering the foregoing, this Court is satisfied that based on the undisputed facts the Debtor is entitled to an order granting its Motion for Summary Judgment.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Debtor's Motion for Summary Judgment be, and the same is hereby, granted. It is further

ORDERED, ADJUDGED AND DECREED that Otero's Motion for Allowance of Claim or Administrative Expense be, and the same is hereby, granted in the amount of $338.62. It is further

ORDERED, ADJUDGED AND DECREED that Otero's Motion for Allowance of Claim or Administrative Expense to the extent that it seeks a priority under 11 U.S.C. § 507(a)(3) be, and the same is hereby, granted in the amount of $338.62. It is further

ORDERED, ADJUDGED AND DECREED that the balance of Otero's claim in the amount of $22,357.26 be, and the same is hereby, allowed as a general unsecured claim. It is further

ORDERED, ADJUDGED AND DECREED that Otero's Motion for Summary Judgment be, and the same is hereby, denied.