**In re RUSSELL CAVE COMPANY, INC. f/k/a The J. Peterman Company, Debtor.**

**Bankruptcy No. 99–50142.**

United States Bankruptcy Court,
E.D. Kentucky,
Lexington Division.

May 11, 2000.

Gregory Pavey, Lexington, KY, for Debtor.

W. Timothy Miller, Cincinnati, OH, for Official Committee of Unsecured Creditors.

## MEMORANDUM OPINION

WILLIAM S. HOWARD, Chief Judge.

This matter is before the Court on the Objections of the Official Committee of Unsecured Creditors to Allowance of Employee Administrative Expense Requests and to Pre–Petition Employee Claims. The debtor has filed responses to both these objections. This matter was heard on April 25, 2000, and taken under submission by the Court for decision on the applicable law in regard to severance claims.

A brief chronological review of the record herein indicates that the debtor filed its Chapter 11 petition in this Court on January 25, 1999. As part of its first day filings, the debtor moved for authorization to pay pre-petition employee wages, salaries, and related items totaling over $385,-000. The Employee Wage Motion was granted by order entered on January 26, 1999 ("the First Day Order"). · On March 5, 1999 substantially all the debtor's assets were sold at auction to Paul Harris Stores, Inc. The Court fixed August 16, 1999 as the claims bar date, and on November 18, 1999, a Joint Liquidating Plan of Reorganization was confirmed. The Plan became effective by its terms on November 29, 1999.

The Official Committee of Unsecured Creditors ("the Committee") in its Objection to Employee Administrative Expense Requests represents that during the period from November 29, 1999 through January 3, 2000, 45 employees of the debtor filed requests for allowance and payment of various administrative expenses totaling $444,882.94. The Committee specifically raises the issue of the extent to which employees are entitled to administrative expense priority for claims arising from

pre-petition severance agreements with the debtor, assuming that the claimants can provide sufficient factual and legal support to establish their entitlement to the amounts requested.

■ The existence of an administrative expense is determined pursuant to 11 U.S.C. § 503(b)(1)(A) which provides in pertinent part that "there shall be allowed administrative expenses, including . . . . the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case." Such an expense is accorded first priority under 11 U.S.C. § 507. The Committee contends that this administrative expense priority can be afforded only to that portion of the benefit that was actually earned by services provided (i.e., accrued) during the post-petition period. *See In re Sunarhauserman, Inc.,* 126 F.3d 811 (6th Cir.1997).

The debtor, in support of the claimants, contends that severance pay should not be prorated because any severance payment, whether determined on the basis of salary, years worked, or type of position held, is compensation for termination of employment without notice. It concedes that this is the minority position and has cited several Second Circuit cases which represent this position, including *In the Matter of Straus–Duparquet, Inc.,* 386 F.2d 649 (2nd Cir.1967); *In re W.T. Grant Co.,* 620 F.2d 319 (2nd Cir.1980); and *Trustees of the Amalgamated Insurance Fund v. McFarlin's, Inc.,* 789 F.2d 98 (2nd Cir.1986). The majority of courts considering this question do not agree with this line of reasoning, however, and have supported the Committee's position.

■ While the Committee cites many of the cases representing the majority position, the basics of it, both as to administrative expense claims and pre-petition claims, are set out in *In re Yarn Liquidation, Inc.,* 217 B.R. 544 (Bkrtcy. E.D.Tenn.1997):

The majority rule is based on the purpose of the administrative expense priority. Generally, a claim for an administrative expense must be based on a benefit furnished to the debtor *during the bankruptcy case* . . . . . For example, an employee who works during the bankruptcy case furnishes the employee's labor as a benefit to the debtor. The employee has an administrative expense claim for compensation owed for the work performed during the bankruptcy case.

The majority rule does not preclude severance pay based on length of service from ever becoming an administrative expense, . . . . The cases focus on whether the severance pay was earned before or during the bankruptcy case. Whether the severance pay was earned before or during the bankruptcy case depends on whether it arose from services provided by the employee before or during the bankruptcy case. Severance pay based on length of service is an administrative expense *only* to the extent it was earned by service during the bankruptcy case. It is not an administrative expense to the extent it was earned by service before the bankruptcy . . . . .

Likewise, when severance pay is based on length of service, it is entitled to the third priority under § 507(a)(3) only to the extent it was earned within 90 days before the date of bankruptcy . . . . . (Cites omitted.)

At 546. *See also In re Roth American, Inc.,* 975 F.2d 949, 957 (3rd Cir.1992); *In re Mammoth Mart, Inc.,* 536 F.2d 950, 955 (1st Cir.1976); *In the Matter of Health Maintenance Foundation,* 680 F.2d 619, 621 (9th Cir.1982); *In re Ohio Corrugating Co.,* 115 B.R. 572, 578–579 (Bkrtcy. N.D.Ohio 1990); *In re Holabird Company,* 86 B.R. 111, 114 (Bkrtcy.N.D.Ohio 1988). This Court agrees and concludes that severance pay claims, as well as any other administrative expense claims are entitled to administrative priority only to the ex-

tent that they were earned after the bankruptcy petition was filed.

In order to calculate any administrative expense allowable under the above rationale, courts have used a multiplier fraction which has the number of days of employment after the petition date as the numerator and 365 as the denominator. For such a calculation to be performed there must be sufficient information available including discharge date and weekly or hourly pay rates at discharge.

As concerns pre-petition claims, the Committee in its Objection to Pre–Petition Employee Claims contends that much the same rationale applies as is set out in its treatment of administrative expense claims. The Committee represents that during the period from January 25, 1999 to the claims bar date, 279 employees of the debtor filed proofs of claim for alleged wages and benefits owing as of the petition date, most if not all seeking entitlement to priority under 11 U.S.C. § 507(a)(3). That section provides a third priority for

> allowed, unsecured claims, but only to the extent of $4,300 for each individual ... earned within 90 days before the date of the filing of the petition ... for ... wages, salaries, or commissions, including vacation, severance, and sick leave pay earned by an individual....

The Committee further represents that many such alleged priority claims seek payment of severance benefits earned prior to 90 days immediately preceding the petition date. The Committee believes that most, if not all, of the claimants have received post-petition payments from the debtor in respect of pre-petition wages, but has been unable to discover the amounts paid.

The Committee raises the issue of evidentiary and/or legal support for the various claims. Assuming such support can be provided, the Committee objects to the allowance and payment of such claim to the extent it is not entitled to priority under § 507(a)(3). The Committee further maintains that if a valid priority claim can be demonstrated, that priority should be disallowed to the extent of any post-petition payments which the claimant received in respect of pre-petition wages or employee benefits. As with the issue of administrative expense claims, the majority of courts support the Committee's position including *In re Crafts Precision Indus., Inc.*, 244 B.R. 178, 181 (1st Cir. BAP 2000); *In re Lykes Bros. Steamship Co., Inc.*, 213 B.R. 401, 403 (Bkrtcy.M.D.Fla.1997); *In re Wean*, 169 B.R. 126, 128 (Bkrtcy.W.D.Pa. 1994); *In re Cardinal Indus., Inc.*, 160 B.R. 83, 85–86 (Bkrtcy.S.D.Ohio 1993).

The debtor makes arguments in regard to pre-petition priority claims which are similar to those it advanced in regard to administrative expense claims and relies again on the reasoning of *Straus–Duparquet, supra*. It maintains that termination within the 90–day pre-petition period causes severance pay to be earned at the date of termination, rather than over the entire period of the employee's tenure with the employer. It concludes that the Court should rule that severance pay is compensation for termination without cause and in lieu of notice, regardless of the employer's formula for calculating such severance, and that all of severance is earned on the day of termination and, if within the 90–day period, subject to the $4,300 limit of § 507(a)(3). The Court finds this argument unconvincing here as it did in regard to administrative expense claims.

■ The majority of courts have ruled that § 507(a)(3) requires that only those employee benefits actually earned during the 90–day period immediately preceding the filing of a petition are entitled to a priority in payment. Pre-petition priority claims for severance pay in this case are therefore limited to ninety days prior to date of filing plus date of filing or 91/365 (0.249315068), or approximately one-fourth of one week's salary or wages, applying a multiplier similar to that used to calculate administrative expense claims, *supra*. The Court finds this to be the persuasive position and further agrees with the Committee's position that any properly documented and supported pre-petition claims

determined to be entitled to priority pursuant to § 507(a)(3) must be reduced by any wages and/or benefits received pursuant to the terms of the First Day Order, so as not to exceed the $4,300 limit.

In summary, the Court concludes that the Committee's position in regard to claims for severance pay is correct, whether they are administrative expense claims or pre-petition priority claims. Administrative expense claims are accorded administrative priority only to the extent that they were earned after the bankruptcy petition was filed. Pre-petition claims are entitled to priority only to the extent that they were earned within 90 days of the date of filing of the bankruptcy petition and only up to a limit of $4,300. In addition, any claim determined to be entitled to priority must be reduced by any wages and/or benefits received pursuant to the First Day Order. An order in conformity with this opinion shall be prepared and submitted by Counsel for the Committee and shall provide that Committee's Counsel shall serve the executed order on all effected claimants within 3 business days after entry.