PER CURIAM.
Global Western Development Corporation (“Global”) appeals the district court’s order affirming the bankruptcy court judgment allowing the claim of creditor Northern Orange County Credit Service, Inc. (“Credit Service”). We affirm.
I.
Global filed a voluntary petition for relief under Chapter 11 of the former Bankruptcy Code (11 U.S.C. § 701 et seq.) on October 4, 1976.[1] On January 27, 1982, over five years after Global’s bankruptcy petition has been filed, Credit Service filed a creditor’s claim for $250,000, plus interest and attorney’s fees. Previously, the Global estate had been determined by the bankruptcy court to be one with substantial “surplus”; i.e., after payment of costs of administration and payment of all timely filed claims, plus interest thereon, surplus funds remained in the estate which would be disbursed to the Debtor or to its sole shareholder, one Kent Rogers (“Rogers”). Therefore, Credit Service’s late claim was allowable under Section 57(n) of the Bankruptcy Act (former 11 U.S.C. § 93(n)).
Credit Service is the assignee of an alleged $250,000 obligation, represented in the form of two promissory notes, upon which this claim is based. One note is an undated, secured note and the second note is dated but unsecured. When it filed its claim on January 27, 1982, Credit Service attached the undated note upon which its claim was based. Thereafter, on June 21, 1982, the bankruptcy court held a hearing on Global’s objection to the Credit Service claim. The hearing was continued to September 8, 1982, and on that date, Credit Service produced the second note, dated August 11, 1974, which it alleged was the basis for its claim against Global.
The bankruptcy court allowed the Credit Service claim for $250,000 plus attorney’s fees at the September 8, 1982 hearing, and *726 the court filed its findings of fact and conclusions of law and the judgment after trial on October 13, 1982. Global filed a timely appeal to the district court on November 3, 1982. The district court affirmed the judgment of the bankruptcy court by order filed on March 5, 1984, and Global filed a timely notice of appeal to this court on March 7, 1984. Both the district court and this Court have jurisdiction to review the decision of the bankruptcy court under 28 U.S.C. §§ 1293 and 1334.[2]
II.
In an appeal from the district court’s affirmance of a decision of the bankruptcy court, the role of the court of appeals and the district court is essentially the same. Sambo’s Restaurants v. Wheeler, 754 F.2d 811, 814 (9th Cir.1985), citing In re Marin Motor Oil, Inc., 689 F.2d 445, 448 (3d Cir.1982), cert. denied, 459 U.S. 1206, 103 S.Ct. 1196, 75 L.Ed.2d 440 (1983); In re Bildisco, 682 F.2d 72, 81 n. 14 (3d Cir.1982), affd, — U.S. -, 104 S.Ct. 1188, 79 L.Ed.2d 482 (1984). Thus, on review of a district court determination with respect to a final order of a bankruptcy court, the court of appeals is in essence reviewing the final order of the bankruptcy court. Sambo’s Restaurants, 754 F.2d at 814.
This Court reviews the bankruptcy court’s findings of fact under the “clearly erroneous” standard, and the bankruptcy court’s conclusions of law are subject to a de novo standard of review. See In re Dill, 731 F.2d 629, 631 (9th Cir.1984); In re Ellsworth, 722 F.2d 1448, 1450 (9th Cir. 1984).
III.
On appeal, Global has presented two issues for our consideration.
1. Whether a creditor’s failure to append a second note upon which its proof of claim was based, violated the technical filing requirements of Section 57 of the Bankruptcy Act; and
2. Whether the bankruptcy court erred by allowing the creditor’s claim based upon a promissory note that was not revealed to the debtor prior to the hearing on the claim.
We note that Global has cited no cases in support of the issues raised in its brief. It relies only on Section 57 of the Bankruptcy Act (former 11 U.S.C. § 93)[3] to support its position. The statute requires that where a proof of claim is founded upon an instrument in writing, the instrument shall be filed with the proof of claim unless the instrument is lost or destroyed.
*727 In this case, Credit Service did not change or amend its actual proof of claim, and the amount claimed by Credit Service against the bankrupt estate (as evidenced by two distinct and separate notes) remained $250,000. Nonetheless, Global challenges the substitution of the August 11, 1974 unsecured promissory note in place of the undated note secured by a deed of trust. Global has failed to show that it suffered any prejudice as a result of Credit Service’s claim being granted based upon the dated rather than upon the undated note.
The security for the undated note had been extinguished for more than a year before Global filed for bankruptcy. In addition, Credit Service did not file its proof of claim within the six-month period after the bankruptcy filing which is required in order for a secured proof of claim to be valid. Thus, since Credit Service filed its claim under 57(n) of the Bankruptcy Act (former 11 U.S.C. § 93(n)), the issue of whether it would take as a secured or unsecured creditor under its proof of claim is irrelevant. Under this section, “claims not filed within the time .. prescribed may ... be filed within such time ... as the court may fix or for cause shown extend and, if duly proved, shall be allowed against any surplus remaining in such case.” Former 11 U.S.C. § 93(n), in relevant part.
The statute controlling the filing requirements in this case specifically allows for a late filed claim where there is a surplus estate. In addition, the bankruptcy court may in exercising its equitable power, allow late filed claims to prevent injustice. In re H. & C. Table Co., Inc., 457 F.Supp. 858, 860 (W.D.Tenn.1978). “As courts of equity, bankruptcy courts ‘will look through the form to the substance of any particular transaction and may contrive new remedies where those in law are inadequate ____’” In re Madeline Marie Nursing Homes, 694 F.2d 433, 436 (6th Cir. 1982), quoting 1 Collier on Bankruptcy, 112.09 at 173-175 (14th ed. 1974). “Substantial right and justice, rather than technical form, control.” ITT-Industrial Credit Co. v. Hughes, 594 F.2d 384, 386 (4th Cir.1979) (citations omitted).
Credit Service filed a proof of claim for $250,000, and produced cancelled checks endorsed by Rogers in the amount of $250,-000. Since , the secured, undated note which was attached to the proof of claim became unsecured prior to the filing of Global’s bankruptcy petition, this undated note had the same effect as that of the August 11, 1974 unsecured promissory note: i. 'e., that Credit Service had to file a claim against the bankrupt estate, since under the note there was no property upon which it could attach a lien.
The trustee alluded to the fact that the estate might have a liability on the note based upon the theory of money had and received by Global. Thus, from the evidence presented at the September 8, 1974 hearing, the bankruptcy court could properly conclude that there was sufficient evidence of a debt of $250,000 owed by the Global estate. “In bankruptcy, it is settled that a properly executed proof of claim is sufficient to shift the burden of producing evidence and to entitle the claimant to a share in the distribution of the bankrupt’s estate unless an objector comes forward with evidence contradicting the claim.” In re Friedman, 436 F.Supp. 234, 237 (D.Md. 1977).
Global failed to adduce any evidence to refute the claim for the $250,000. At the September 8, 1982 hearing, Global requested that Rogers, as the signer of the August 11,1974 note, be allowed to testify as to its validity and to the facts and circumstances surrounding the making of the note. The court granted this request, and stated that “if [Global] want[s] to make a motion for reconsideration and either attach some affidavits or call [Rogers] in for testimony, [Global] may do so.” However, despite this invitation of the bankruptcy judge, Global never pursued this matter any further, either in its production of evidence or in filing motions.
*728 IV.
The findings of fact by the bankruptcy judge, that Global had a valid obligation for the $250,000, and that Global had in fact received $250,000 were not clearly erroneous. The judgment of the bankruptcy court is affirmed.

. In Northern Pipeline Co. v. Marathon Pipe Line Co., 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), ("Marathon”), the Supreme Court divested the bankruptcy courts of some of their power and jurisdiction. This decision was based upon the fact that Congress’ broad grant of judicial power to non-Art. Ill bankruptcy judges was unconstitutional. Id. at 87-88, 102 S.Ct. at 2880. However, the limitations imposed on the bankruptcy courts by Marathon do not apply to the issues raised in this case. The Marathon decision “shall apply only prospectively,” and not retroactively. Id. at 88, 102 S.Ct. at 2880. The Supreme Court subsequently held that the Marathon decision would not apply to judgments entered by the bankruptcy courts before December 24, 1982 (Marathon), 459 U.S. 813, 103 S.Ct. 199, 74 L,Ed.2d 160 (1982). The order appealed from was entered by bankruptcy court on October 13, 1982.

. The effective date of these code sections was April 1, 1984. The appeal to the district court was filed on November 3, 1982, and the appeal to this Court was filed on March 7, 1984. However, Congress provided that during the interim period prior to the effective date of 28 U.S.C. §§ 1293 and 1334, the appellate jurisdiction of the courts would be the same as that provided for in these statutes. Pub.L. 85-598, Title IV, § 405(c)(2), 92 Stat. 2685 (1978).

. Former 11 U.S.C. § 93 states in relevant part:
(a) A proof of claim shall consist of a statement, in writing and signed by a creditor, setting forth the claim; the consideration therefor; whether any, and if so, what securities are held therefor; and whether any and, if so what payments have been made thereon; and that the claim is justly owing from the bankrupt to the creditor. A proof of claim filed in accordance with the requirements of this title, the General Orders of the Supreme Court, and the official forms, even though not verified under oath, shall constitute prima facie evidence of the validity and amount of the claim.
(b) Whenever a claim is founded upon an instrument of writing, such instrument, unless lost or destroyed, shall be filed with the proof of claim. If such instrument is lost or destroyed, a statement of such fact and of the circumstances of such loss or destruction shall be filed under oath with the claim____
(n) Except as otherwise provided in this title, all claims provable under this title, ... shall be proved and filed in the manner provided in this section. Claims which are not filed within six months after the first date set for the first meeting of creditors shall not be allowed: Provided, however ... [w]hen in any case all claims which have been duly allowed have been paid in full, claims not filed within the time herein-above prescribed may nevertheless be filed within such time as the court may fix or for cause shown extend and, if duly proved, shall be allowed against any surplus remaining in such case.