*577 ORDER FOR PUBLICATION
The petition of appellee Goldberg for rehearing is granted. The motion of appellee Harper to amend opinion is granted. The petition for rehearing of appellant La Grand is denied.
The opinion reported at 796 F.2d 318 is amended as follows:
At page 320, left column, 6 lines from bottom:
Delete “to extend payments through 1981” and replace with “to extend payments beyond the original due date”.
At page 324, end of paragraph [7] add new footnote 1 as follows:
In McConnell v. Estate of Butler, 402 F.2d 362 (9th Cir.1968), the debtor had stopped making payments due under the stock repurchase agreement only when it became insolvent. The court in McConnell thus did not address the precise issue raised in the case at bar: when a debtor fails to pay a former shareholder for repurchase of shares even though the debtor is solvent when payment is due, and the debtor later becomes insolvent, should the former shareholder’s claim be subordinated?
At page 324, paragraph [8]:
Delete two paragraphs (including old footnote 1) and replace with:
As to Goldberg, the parties stipulated that the debtor was solvent on July 1, 1980 when payment on the Goldberg note was due. See Transcript of September 6, 1983 Hearing Before Bankruptcy Judge at 60, 77-78. We therefore reverse the district court and hold that the debt owed Goldberg should not be subordinated and should instead be treated,on a par with the debts of other creditors.
As to Harper, we find that because of ambiguities in the record, we are unable to determine whether the debtor was solvent or insolvent when payments to Harper were due. We therefore reverse the district court and remand with instructions to remand to the bankruptcy court for determination in the first instance whether the debtor was solvent on the date(s) payments) on the Harper debt was (were) due. To the extent that the debtor was solvent, the debt should not be subordinated and should instead be treated on a par with those of other creditors.
At page 324, eighth line of paragraph [9]: Delete sentence and replace with: If, on remand, the bankruptcy court rules in favor of La Grand as to the.debt owed Harper, it should proceed to make the initial determination as to La Grand’s request for attorney’s fees.
At page 324 —delete final paragraph of opinion and replace with:
We REVERSE the district court. We REMAND in part with instructions to REMAND to the bankruptcy court for further proceedings.
The full court has been advised of the en banc suggestion, and no judge of the court has requested a vote on it. Fed.R.App.P. 35(b). The suggestion for rehearing en banc is denied.