WIGGINS, Circuit Judge:
In this appeal we determine whether Christian Life Center Litigation Defense Committee (“LDC”), a group of lawyers representing corporate officers of a Chap *1372 ter 11 debtor in an adversary proceeding, is entitled to priority as an administrative expense for the payment of its fees. The district court disallowed the claim as an administrative expense and subordinated it to claims of general creditors. We affirm the disallowance of the administrative expense claim but reverse the order of subordination.
BACKGROUND
Christian Life Center (“Christian Life”) is an Assembly of God church in Santa Rosa, California. In 1972 Christian Life began raising funds for church construction by selling shares in a “trust fund.” The church failed to register the shares as a security. As a result, the California Superintendent of Banking issued a cease and desist order in 1978 against the trust fund, causing a run on the fund. A group of trust fund purchasers (“Investors”) who failed to recover their investment brought an action in a California court against Christian Life, its pastor Reverend A. Watson Argue, and other church officers for rescission of the sale of unregistered securities under California Corporations Code sections 25503-25504, and against the church and its pastor only for fraud. In 1979 Christian Life petitioned for reorganization under Chapter 11 of the Bankruptcy Code (Code), 11 U.S.C. §§ 1101-1174, and the pending state securities action was transferred to the bankruptcy court and converted to an adversary proceeding. In 1980 the court approved a liquidation plan, reserving for later determination whether to allow claims of defendant-officers for indemnity of litigation expenses incurred in the adversary proceeding. The court distributed the estate pursuant to the plan, retaining a reserve of $500,000.
Sitting as the trial court in the adversary proceeding, the bankruptcy court dismissed the California securities claims. In 1984 the Bankruptcy Appellate Panel (BAP) reversed and remanded. Kersh v. Christian Life Center (In re Christian Life Center), 45 B.R. 905, 911-12 (Bankr. 9th Cir.1984). While that appeal was pending, the fraud claim against Argue was tried and a jury found him not liable. The Investors appealed to BAP, which transferred the appeal to the district court, where the appeal is pending. Trial of the securities claims against all the defendants is pending in the bankruptcy court.
LDC is a group of attorneys representing the officers in the adversary proceeding. After Argue’s favorable trial judgment, LDC submitted a claim against the estate for indemnity of Argue’s defense costs as a first priority administrative expense. The bankruptcy court allowed the claim.[1] The appellants — Official Creditors Committee and Investors (collectively “Creditors”) — two groups of church general creditors, appealed to BAP, which granted interlocutory review under 28 U.S.C. § 158(a) (Supp.1985) and transferred the appeal to the district court. The court disallowed LDC’s claim as an administrative expense and subordinated indemnity claims in the adversary proceeding to general creditors’ claims. LDC appeals.[2]
LDC argues that the bankruptcy court properly classified its indemnity claim as a first priority administrative expense, or in the alternative that its claim should be treated on par with other general unsecured claims. The Creditors argue that the district court correctly subordinated indemnity claims to other unsecured claims.
Following oral argument we requested additional briefing on whether the appeal *1373 was premature due to the pendency of the adversary litigation and whether LDC has standing to assert its clients’ indemnity claims.
ANALYSIS
I. APPELLATE JURISDICTION
On our own motion we must determine whether we have jurisdiction over the appeal. Dental Capital Leasing Corp. v. Martinez (In re Martinez), 721 F.2d 262, 264 (9th Cir.1983). The district court has jurisdiction to review an interlocutory bankruptcy court decision when leave to review is granted, 28 U.S.C. § 158(a), as it was here. We have jurisdiction of appeals from final orders of district courts reviewing decisions of bankruptcy courts. Id. § 158(d). While the bankruptcy order is interlocutory, that fact does not automatically defeat our jurisdiction. Four Seas Center, Ltd. v. Davres, Inc. (In re Four Seas Center, Ltd.), 754 F.2d 1416, 1418 (9th Cir.1985). Instead we follow a pragmatic approach to determine appealability under section 158(d). La Grand Steel Prods. Co. v. Goldberg (In re Poole, McGonigle & Dick, Inc.), 796 F.2d 318, 321 (9th Cir.), amended, 804 F.2d 576 (1986). An order subordinating a claim to general creditors’ claims is appealable if no further proceedings will affect the scope of the order. See id. The district court order finally determined the question of subordination of officers’ indemnity claims. No further action on this issue is contemplated or necessary. Indeed, the order disposes of the indemnity claims as a practical matter. The parties have stated that if the remaining reserve is distributed to general creditors ahead of the subordinated indemnity claimants, the reserve will be exhausted. Thus the order is appealable under section 158(d).
II. ADMINISTRATIVE EXPENSE
The bankruptcy court allowed LDC its claim for attorney’s fees as a first priority administrative expense under 11 U.S.C. § 503(b)(3)(D). The district court disallowed the administrative expense claim. Our role and that of the district court is essentially the same in the appellate process. Thus in reviewing the district court’s decision with respect to the bankruptcy court’s order allowing LDC’s claim, we are in essence reviewing the order of the bankruptcy court. See Sambo’s Restaurants, Inc. v. Wheeler (In re Sambo’s Restaurants, Inc.), 754 F.2d 811, 814 (9th Cir. 1985). We review de novo the bankruptcy court’s interpretation of section 503(b)(3)(D). See Global W. Dev. Corp. v. Northern Orange Credit Serv., Inc. (In re Global W. Dev. Corp.), 759 F.2d 724, 726 (9th Cir.1985).
Section 503(b)(3)(D) provides in relevant part for allowance as an administrative expense of “actual, necessary expenses ... incurred by ... a committee representing creditors ... in making a substantial contribution in a case under chapter ... 11 of this title.”[3] The phrase “substantial contribution” is derived from sections 242 and 243 of the Bankruptcy Act of 1898 (1898 Act), amended by Act of June 22, 1938, Pub.L. No. 696 §§ 242, 243, 52 Stat. 840, 900 (repealed 1977). S.Rep. No. 989, 95th Cong., 2d Sess. 66, reprinted in 1978 U.S. Code Cong. & Admin.News 5787, 5852. The principal test of substantial contribution under the 1898 Act was the extent of benefit to the estate, and the same test applies to claims under comparable section 503(b)(3)(D). 3 Collier on Bankruptcy U 503.04, at 503-48 (L. King ed. 15th ed. 1987).
The policy underlying administrative expense priority is that “the estate as a whole is benefited if general creditors subordinate their pre-bankruptcy claims in order to secure goods and services necessary to an orderly and economical administration of the estate after the petition is filed.” Yermakov v. Fitzsimmons (In re Yermakov), 718 F.2d 1465, 1470 (9th Cir. 1983). Claims that arise from a creditor’s pre-petition services to the debtor are not *1374 entitled to administrative expense treatment. See, e.g., Lines v. System Bd. (In re Health Maintenance Found.), 680 F.2d 619, 621 (9th Cir.1982) (severance pay for post-petition termination based on length of employment with the debtor not entitled to administrative expense priority when right to severance pay accrued from pre-petition employment services).
LDC’s claim for administrative expenses is for its0 legal fees for defending Argue, a corporate officer of the debtor, in the adversary proceeding, not for defending the debtor itself. Thus the claim is actually for indemnification of litigation costs. A corporation’s duty to indemnify its officer, whether conferred by statute or by contract, is a form of compensation for the officer’s services. In re Baldwin-United Corp., 43 B.R. 443, 454-56 (S.D. Ohio 1984). Argue was sued for his pre-petition actions of setting up and administering the trust fund. Any duty of the church to reimburse or indemnify Argue for his legal expenses arises from these pre-petition services. As such LDC’s legal fees claim arises from Argue’s pre-petition services to the corporation rather than any post-petition services. Thus LDC’s claim is at most a general unsecured claim not entitled to administrative priority. See id. at 454-56 (debtors could not advance legal fees as administrative expense to officers under indemnity contract for pre-petition services). It makes no difference that the duty to indemnify Argue for litigation expenses, if such duty exists, did not accrue until after the petition was filed when Argue incurred those expenses; the critical fact is that the claim for indemnity arose from pre-petition services Argue provided the corporation. Id.; see In re Health Maintenance Found., 680 F.2d at 621.
III. SUBORDINATION OF INDEMNITY CLAIMS
Even if not entitled to assert an administrative expense claim, LDC contends that it can assert claims for indemnification for defending Argue and the other officers in the adversary proceeding under section 317 of the California Corporations Code[4] and that the district court erred in subordinating those claims to general creditors’ claims.
A. Prematurity
Section 317 provides for corporate indemnity of officers who incur litigation expenses as a result of their corporate activities.[5] Defendant-officers who prevail on the merits in litigation have a mandatory right to indemnity of litigation expenses. Cal.Corp.Code § 317(d). Even if they do not prevail, they may still be indemnified in nonderivative actions if the corporation or the court hearing the litigation finds they acted “in good faith and in a manner [they] believed to be in the best interests of the corporation.” Id. § 317(b), (e). Either prevailing on the merits or a finding of good faith is a prerequisite to the indemnity award.
The officers’ right to indemnity under California law is contingent. The appeal of Argue’s favorable judgment of the fraud claim is pending, as is trial of the state securities claims against him and the remaining officer-defendants. Until they prevail or are determined to have acted in good faith, their right to indemnity for litigation expenses under state law is uncertain.
This does not necessarily mean, however, that the district court prematurely subordinated the indemnity claims. By subordi *1375 nating all of the officers’ indemnity claims to other unsecured claims, the court allowed other creditors to participate in the distribution of the estate first, whether or not the officers ultimately prevail on the merits. The Code contemplates that the bankruptcy court will subordinate classes of contingent claims in order to hasten distribution of the estate. A contingent claim for indemnity falls within the Code’s definition of a “claim” as a “right to payment, whether or not such right is ... contingent.” 11 U.S.C. § 101(4)(A). Congress intended section 101(4)(A) to provide “the broadest possible definition” of claims so that “all legal obligations of the debtor, no matter how remote or contingent, will be able to be dealt with in the bankruptcy case.” S.Rep. No. 989, 95th Cong., 2d Sess. 21, 22, reprinted in 1978 U.S.Code Cong. & Admin.News 5787, 5807, 5808. As a contingent claim is defined as a “claim” it can be subordinated to other claims under principles of equitable subordination. 11 U.S.C. § 510(c). Thus under the Code contingent indemnity claims can be allowed and subordinated. See In re Johns-Manville Corp., 57 B.R. 680, 687 (Bankr.S.D.N. Y.1986) (allowance of contingent claims permissible under the Code). Our inquiry is thus whether the court properly subordinated all indemnity claims to general unsecured claims under subordination principles.
B. 11 U.S.C. § 510(b) — Mandatory Subordination
The Creditors argue that all of the officers’ indemnity claims must be subordinated under 11 U.S.C. § 510(b). We review de novo the interpretation of the statute. In re Global W. Dev. Corp., 759 F.2d at 726. Section 510(b) provided at the time of the filing of the bankruptcy petition as follows:
Bankruptcy Act of 1978, Pub.L. No. 95-598, § 510(b), 92 Stat. 2549, 2586 (amended 1984).[6] The law in effect at the time of filing of the petition governs the case. Marxen, 307 U.S. at 207, 59 S.Ct. at 815. Section 510(b) prevents equity stockholders or holders of other subordinated securities from converting their interests into higher priority general creditors’ claims by asserting damages or rescission claims. H.R. Rep. No. 595, 95th Cong., 1st Sess. 194-96, reprinted in 1978 U.S.Code Cong. & Admin.News 5963, 6154-57. Congress requires subordination of such claims because failure to subordinate the interests of shareholders to those of unsecured creditors would defeat the reasonable expectations of both. Id. General creditors rely on the equity cushion created by the investment of shareholders and expect priority in bankruptcy. Id. Shareholders in turn bargain for potential profit in exchange for expected subordination of their interests in bankruptcy. Id.; Kira v. Holiday Mart, Inc. (In re Holiday Mart, Inc.), 715 F.2d 430, 433-34 (9th Cir.1983) (proper to subordinate rescission claims of holders of subordinated debentures).
The Creditors argue that the same considerations require subordination of indemnity claims arising out of securities rescission or fraud litigation. Section 510(b) bars shareholders from elevating their in *1376 terests to the level of unsecured creditors. The Creditors maintain that if shareholders recover damages from an officer of the debtor for securities violations, and the officer in turn recovers indemnity from the estate of the debtor as an unsecured claimant, the shareholders will achieve indirectly that which section 510(b) bars them from obtaining directly. By this circuitous means, the Creditors contend, shareholders could avoid the subordination of their equity interests and defeat the expectations of unsecured creditors.
Even were we to accept this argument, section 510(b) would not apply here. The officers’ indemnity claims are for litigation costs, not for reimbursement of liability owed to the holders of the securities. The argument that the security holder may circuitously elevate his claim to a general unsecured claim through indemnity is relevant only to indemnity of liability. The security holder recovers nothing from the officers when the latter are merely indemnified for defense costs. Thus section 510(b) — at least prior to the 1984 amendment — does not require subordination of indemnity claims for defense costs. The blanket order subordinating all indemnity claims to general unsecured claims, even those for defense costs, is not proper under that section.
C. 11 U.S.C. § 510(c) — Equitable Subordination
The Creditors alternatively argue that the district court properly subordinated the contingent indemnity claims under 11 U.S.C. § 510(c)(1) which grants the bankruptcy court discretion “under principles of equitable subordination, [to] subordinate for purposes of distribution all or part of an allowed claim to all or part of another allowed claim or all or part of an allowed interest to all or part of another allowed interest.” Section 510(c)(1) codifies existing case law. H.R.Rep. No. 595, 95th Cong., 1st Sess. 359, reprinted in 1978 U.S.Code Cong. & Admin.News 5963, 6315. The bankruptcy court may subordinate a claim if it finds the claimant engaged in fraud, unfairness or inequity, In re Poole, 796 F.2d at 322, and the claimant’s conduct harmed the debtor or its other creditors, Trone v. Smith (In re Westgate-California Corp.), 642 F.2d 1174, 1177-78 (9th Cir. 1981). As the court exercises broad equitable power to subordinate claims, we review for an abuse of discretion. In re Poole, 796 F.2d at 321.
The district court subordinated all the officers’ indemnity claims, even though the officers may ultimately prevail in their defense in the adversary litigation. It is beyond cavil that the court could subordinate indemnity claims of officers found liable of securities violations or fraud. Bankruptcy policy prohibits the debtor from indemnifying unsuccessful securities defendants to the prejudice of innocent creditors, at least when liability is predicated on fraud or negligence. In re Investors Funding Corp., 8 B.R. 260, 262, 264 (S.D.N.Y.1980); In re Baldwin-United Corp., 55 B.R. 885, 902-03 (Bankr.S.D.Ohio 1985) (no indemnity from debtor for securities violations based on fraud or negligence); In re Equity Funding Corp., 416 F.Supp. 132, 156 (C.D.Cal.1975) (same). Here, the officers have been sued for fraud and for violations of a California securities law, which requires that the defendant knew or should have known of the failure to register the security, Cal.Corp.Code § 25504; see Christian Life, 45 B.R. at 910-11; Tomei v. Fairline Feeding Corp., 67 Cal.App.3d 394, 400-01, 137 Cal.Rptr. 656, 659 (1977). If the officers are ultimately found liable for negligence or fraud under either of these theories, innocent creditors should not have to reimburse them for liability or defense expenses.
The more difficult question is whether the district court properly subordinated indemnity claims for defense expenses of officers who ultimately may prevail in their defense. The Creditors contend that the court properly exercised its discretion to subordinate all claims of indemnity of former officers of the church, even of those who ultimately may prevail, in light of the officers’ inequitable conduct in establishing and maintaining the trust fund. The court, however, failed to make any findings of improper or wrongful conduct by the offi *1377 cers and cited no equitable reasons to justify the subordination order. The court did not find that Argue or the remaining officers knew or should have known that the trust fund was required to be registered or that the trust fund had insufficient assets to cover liabilities. When a creditor seeks equitable subordination of a claim, the record must objectively disclose a threshold demonstration that the claimant has behaved inequitably and to the detriment of the debtor or its other creditors. Westgate-California Corp. v. First Nat. Finance Corp., 650 F.2d 1040, 1044 n. 1 (9th Cir.1981). Absent findings of the requisite inequitable and harmful conduct by the officers or of a sufficiently developed record, subordination of all indemnity claims of officers based on equitable subordination is premature. See id. at 1044 (premature to subordinate claim absent findings or a sufficient record).
CONCLUSION
The district court’s order disallowing LDC’s administrative expense claim is affirmed. Its order subordinating all indemnity claims is vacated as premature because the officers may prevail on the merits of their defense and there are neither findings that they acted wrongfully or inequitably nor sufficient facts in the record to support that determination. The action is remanded to the bankruptcy court to determine whether the officers seeking indemnity are prevailing parties in the adversary litigation or have acted in good faith and in what they believed were the best interests of the corporation, and whether the indemnity claims are subject to equitable subordination. The parties shall bear their own costs.
AFFIRMED IN PART, VACATED IN PART, AND REMANDED.

. LDC first applied for its fees in representing the officers as an administrative expense when the bankruptcy court dismissed the state securities claims. The bankruptcy court granted LDC’s application but BAP reversed and remanded to determine whether defense costs were entitled to administrative priority.

. The Notice of Appeal lists LDC, Malcolm A. Misuraca and Michael Welty as appellants. Misuraca and Welty are the attorney-members of LDC who defended Argue. The bankruptcy court’s award of attorney’s fees was in favor of LDC only, not in favor of the individual attorneys. However, if LDC is awarded its fees, Misuraca and Welty may have contract rights against LDC for their fees. We need not determine whether the individual attorneys are proper parties to appeal because they derive any rights they may have to their fees from LDC, which properly appealed.

. LDC had statutory standing under section 503 to apply for its fees as an unofficial committee representing creditors of the estate — the officers with indemnity claims — alleging to have substantially contributed to the administration of the chapter 11 case. 11 U.S.C. § 503(b)(3)(D).

. LDC has statutory standing to assert the claims of indemnity of its clients under Cal. Corp.Code § 317(e), which confers upon "the attorney ... rendering services in connection with the defense" of an officer or director a right to apply to the court for indemnity under section 317.

. LDC also claims indemnity under Cal.Corp. Code § 9246, which authorizes a nonprofit religious corporation to indemnify its officers and directors. Section 9246 became effective on January 1, 1980. Cal.Corp.Code § 9917. The right to indemnify church officers therefore did not exist in 1979 when the church filed its bankruptcy petition. As the law in effect at the time of filing controls, United States v. Marxen, 307 U.S. 200, 207, 59 S.Ct. 811, 815, 83 L.Ed. 1222 (1939), the right to indemnity cannot be predicated on section 9246.

. Congress amended section 510(b) in 1984 to provide:
For the purpose of distribution under this title, a claim arising from rescission of a purchase or sale of a security of the debtor or of an affiliate of the debtor, for damages arising from the purchase or sale of such a security, or for reimbursement or contribution allowed under section 502 on account of such a claim, shall be subordinated to all claims or interests that are senior to or equal the claim or interest represented by such security, except that if
Any claim for recission [sic] of a purchase or sale of a security of the debtor ... or for damages arising from the purchase or sale of such a security shall be subordinated for purposes of distribution to all claims and interests that are senior or equal to the claim or interest represented by such security. such security is common stock, such claim has the same priority as common stock.
11 U.S.C. § 510(b) (emphasis added). The amendment applies only to cases filed after October 8, 1984, Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. 98-353, § 553(a), 98 Stat. 333, 392, and this case is governed by prior law. Therefore, we need not and do not determine whether amended section 510(b) requires subordination of indemnity claims.