In re Linda Jane STONE, d/b/a The Broiler, a/k/a Linda Jane Duvick Stone, a/k/a Linda Jane Haskins, Debtor(s).

Linda Jane STONE, Plaintiff(s),

v.

STATE OF ALASKA DEPARTMENT OF REVENUE and Alcoholic Beverage Control Board, Alaska Hotel and Restaurant Trust Funds, Corroon and Black/Dawson and Company, City of Fairbanks, Fairbanks North Star Borough, K & L Distributors, Inc., K & N Meats, C.R. Kennelly, the Odom Company, the United States of America Internal Revenue Service, Alaska Department of Labor Employment Security Division, A & W Wholesale, Alaska Law Enforcement, American Publishers, Inc., Background Music Company, Fairbanks Fuel Supply, Fairbanks Municipal Utilities System, Far North Sanitation, Favco, KIAK Radio, Larson's Inc., Estate of William K. Lavery, Martin's Seafoods, Sharon Pendley, Petrolane, Polar Business Services, Premium Acceptance Corp., Prime Time of Alaska, d/b/a KIAK, Quality Meat Co., Samson Hardware, and Yukon Office Supply, Defendant(s).

Bankruptcy No. 4–80–00031.
Adv. No. 478–87–0062.

United States Bankruptcy Court,
D. Alaska.

Aug. 22, 1990.

---

Barry Jackson, Fairbanks, Alaska, for plaintiffs.

Kay Hill, I.R.S., Anchorage, Alaska, Robert Branman, I.R.S., Washington, D.C., for defendants.

Millard Ingraham, Anchorage, Alaska, for C.R. Kennelly.

Gary Sleeper, Jermain, Dunnagan & Owens, P.C., Anchorage, Alaska, for Alaska Hotel and Restaurant Trust Funds.

John Connolly, Fairbanks, Alaska, for Fairbanks North Star Borough.

Julia Coster, Asst. Atty. Gen., Anchorage, for the State of Alaska.

MEMORANDUM RE PARTIAL SUMMARY JUDGMENT MOTION OF IRS AND DEBTOR'S PROPOSED SETTLEMENT

HERBERT A. ROSS, Bankruptcy Judge.

## INDEX

Page
1. RULING ON IRS MOTION FOR PARTIAL SUMMARY JUDGMENT .........26
   1.1. Factual Background .................................................27
   1.2. IRS Partial Summary Judgment Motion ...............................27
   1.3. The Alaska Statute for Transferring Licenses .........................27
   1.4. Federal Tax Lien Statute ...........................................27
   1.5. Ninth Circuit Precedent ............................................28
   1.6. Conclusion .......................................................29
2. DENIAL OF SETTLEMENT ...........................................29

A hearing was held on July 26, 1990 concerning a proposed settlement in this case amongst various creditors and debtor which would have resulted in disbursing most of the $130,000± held by debtor. The court also ruled on the pending motion for partial summary judgment filed by the Internal Revenue Service.

1. RULING ON IRS MOTION FOR PARTIAL SUMMARY JUDGMENT—1.1. *Factual Background*—On January 8, 1980, the IRS filed a Notice of Federal Tax Lien in the Fairbanks Recording District based upon debtor's failure to pay federal employment taxes for the second quarter of

1979 and federal unemployment taxes for 1977.

Debtor operated a liquor establishment in Fairbanks. She filed chapter 11 on April 28, 1980. One of the assets of the estate was the Alaska Alcohol Beverage Dispensary license required in order to conduct the liquor business.

On August 29, 1984, the bankruptcy court entered an order authorizing a sale of the liquor license free and clear of liens in Adversary Proceeding No. 4–84–0015. The license has been sold, and the debtor-in-possession holds about $130,000 in proceeds, mostly derived from the sale of the liquor license.

There are competing claims to the proceeds from the sale of the liquor license by trade creditors of the liquor business who have put "holds" on the license under Sec. 04.11.360 of the Alaska Statutes. These creditors claim priority over the federal tax lien. The IRS claims first priority to the funds under the supremacy of the federal tax lien statutes, 26 U.S.C. §§ 6321–6327.

1.2. *IRS Partial Summary Judgment Motion*—The IRS moved for summary judgment to establish the liquor license was property subject to a federal tax lien because it was valuable and transferable. IRS asked the court to decide the issue of priority of liens only after deciding the issue of whether the lien attaches.

■ While the liquor license is "property" subject to a federal tax lien, the State of Alaska has imbued it with certain characteristics which subordinate the federal tax lien to liquor license creditors under state law. At least this is a reasonable interpretation of Ninth Circuit case law.

■ The State of Alaska can legitimately create procedures governing transferability of liquor licenses, barring transfer unless trade creditors of the liquor establishment are paid. While this may have the effect of altering priorities in payment of creditors in both bankruptcy and in relation to federal tax liens, this is a valid exercise of the State of Alaska's authority.

It is appropriate for the court to grant summary judgment against a moving par-

ty. *Case v. International Brotherhood of Electrical Workers, Local Union No. 1547*, 438 F.Supp. 856, 858 (D.C.Alaska 1977), *aff'd* 587 F.2d 1379 (9th Cir.1978), *cert. denied* 442 U.S. 944, 99 S.Ct. 2890, 61 L.Ed.2d 315 (1979).

1.3. *The Alaska Statute for Transferring Licenses*—Sec. 04.11.360 of the Alaska Statutes concerns the transfer of liquor licenses in Alaska. It provides in part:

An application requesting approval of a transfer of a license to another person under this title shall be denied if

.        .        .        .        .

(4) the transferor has not paid all debts or taxes arising from the conduct of the business licensed under this title unless

(A) the transferor gives security for the payment of the debts or taxes satisfactory to the creditor or taxing authority; or

(B) the transfer is pursuant to a promise given as collateral by the transferor to the transferee in the course of an earlier transfer of the license under which promise the transferor is obliged to transfer the license back to the transferee in the event of default in payment for property conveyed as part of the earlier transfer of the license;

1.4. *Federal Tax Lien Statute*—The IRS argues that, by virtue of its tax liens, its claims are superior to creditors claiming a "hold" on the license under AS 04.11.360(4). The IRS claims the liquor license is property, and once its lien attaches to that property, the federal tax lien statutes control priority. 26 U.S.C. §§ 6321–6327.

In *Aquilino v. United States*, 363 U.S. 509, 80 S.Ct. 1277, 4 L.Ed.2d 1365 (1960), the framework for applying the federal tax lien laws was set out. The court held that,

(a) in determining whether and to what extent a taxpayer had property or rights to property to which a federal tax lien could attach, both federal and state courts must look to state law; in application of a federal revenue act, state law controls in determining nature of legal

interest which taxpayer had in property sought to be reached by statute, and

(b) once a federal tax lien has attached to a taxpayer's state-created interests, federal law determines priority of competing liens asserted against taxpayer's property or right to property.

See also, United States v. Bess, 357 U.S. 51, 56–57, 78 S.Ct. 1054, 1057–1058, 2 L.Ed.2d 1135 (1958) and In re 21 West Lancaster Corp., 790 F.2d 354 (3rd Cir. 1986).

The scope of the statute is extremely broad. Glass City Bank v. United States, 326 U.S. 265, 267–268, 66 S.Ct. 108, 110, 90 L.Ed. 56 (1945).

1.5. Ninth Circuit Precedent—In re Anchorage International Inn, Inc., 718 F.2d 1446 (9th Cir.1983) held that AS 04.-11.360(4) did not establish a priority of distribution under Alaska law which improperly modified the distribution scheme under the old Bankruptcy Act. The court said at page 1449:

The creditor of an owner of an Alaska liquor license, unlike the holder of a security interest or a mechanic's lien, cannot enforce the lien by self-help or by execution on the license. See C.Y., Inc. v. Brown, 574 P.2d 1274, 1277 (Alaska 1978). Nevertheless, the creditor's interest in the license is an encumbrance superior to the rights of others. The Alaska statute assures the liquor-related creditor that the sale of the license will not occur until his debt is paid or security satisfactory to him is provided. Other creditors whose debts are not related to the licensed business receive no similar assurances. Under Alaska law, the creditors of the liquor business do have a superior right to payment from the license sale proceeds. [footnote omitted]

Although the lien interest created by Alaska Stat. s 04.11.360(4) differs in form from other more typical creditor-protection devices such as a security interest or a materialman's lien, all serve the same function. Regardless of its label, each encourages the extension of credit by providing that, upon the occurrence of certain conditions, the creditor

has a priority right to payment from a particular asset.

See also In re Farmers Market, Inc., 792 F.2d 1400, 1403 (9th Cir.1986).

The Ninth Circuit faced the question of priority of a federal tax lien over a state's right to condition transfer of a liquor license on payment of an obligation to the state for its taxes in United States v. California, 281 F.2d 726 (9th Cir.1960). The court said at 727:

The question, however, is not as to the supremacy of the tax lien of the United States. The question is as to the nature of the 'property and rights to property' (26 U.S.C. 6321) to which that lien attached. Ordinarily, in determining this question, we look to state law. United States v. Bess, 1957, 357 U.S. 51, 78 S.Ct. 1054, 2 L.Ed.2d 1135.

.     .     .     .     .

Here the license existed because the state had issued it. If the license acquired something of value, it was because the state had bestowed it upon him. Whatever value the license, as property, may have had to a purchaser depended upon its transferability. If it was transferable, it was because the state had made it so. If the state had seen fit to impose conditions upon issuance or upon transfer of property it has wholly created, that is the state's prerogative so long as its demands are not arbitrary or discriminatory. The federal government has no power to command the state in this area. It has no power to direct that property be created by the state for purposes of federal seizure.

There are cases contrary to the Ninth Circuit holding that the state created right primes the IRS tax lien on a liquor license. See Business Title Corporation, v. Division of Labor Law Enforcement, 553 P.2d 614 (Cal.1976) and a Sixth Circuit case decided about a week ago, In re Terwilliger's Catering Plus, Inc., 911 F.2d 1168 (6th Cir.1990). Both cases had strong dissents supporting the Ninth Circuit approach. See also In re A.J. Bayless Markets, Inc., 108 B.R. 721, 726 (Bankr.D.Nev.1989).

1.6. *Conclusion*—The IRS's position that the liquor license is "property" subject to a federal tax lien appears to be correct. *In re 21 West Lancaster Corp., supra, In re Terwilliger's Catering Plus, Inc., supra,* and *United States v. Bess, supra* (concerning the cash value of a life insurance policy). But, the federal tax lien has no value without the transfer of the license. That transfer is governed by an Alaskan statute which requires payment of the liquor business creditors. To the extent that the IRS, by virtue of the federal tax lien, attempts to prime those creditors with "holds", the IRS position is subordinate. There is only $130,000± available, and more liens than that to pay. Therefore, the tax lien must trail the state "holds."

█ 2. DENIAL OF SETTLEMENT— The debtor proposed a settlement with creditors including not only the proceeds from the liquor license, but from the sale of other property not included in this adversary proceeding. The estate is fully liquidated. There is no reason a simple liquidation plan should not be filed. *See In re Air Beds, Inc.,* 92 B.R. 419 (9th Cir.BAP 1988).