In re Linda Jane STONE, dba The Broiler; aka Linda Jane Duviek Stone; aka Linda Jane Haskins, Debtor.

UNITED STATES of America, Appellant,

v.

Linda Jane STONE; Alaska Hotel & Restaurant Trust Funds; K & L Distributors, Inc.; C.R. Kennelly; State of Alaska; Fairbanks North Star Borough, Appellees.

No. 91–36338.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 3, 1993

Decided Sept. 22, 1993.

William S. Estabrook, Tax Div., U.S. Dept. of Justice, Washington, DC, for appellant.

Teresa Williams, Asst. Atty. Gen., Anchorage, AK, for appellees.

Randall G. Simpson, Jermain, Dunnagan & Owens; Anchorage, AK, for appellees.

Before: SCHROEDER, FLETCHER and ALARCÓN, Circuit Judges.

ALARCON, Circuit Judge:

The United States appeals from the Bankruptcy Appellate Panel's decision affirming the bankruptcy court's summary judgment order in favor of the State of Alaska ("State"), Fairbanks North Star Borough ("Borough"), Alaska Hotel & Restaurant Employee Trust Funds ("Hotel"), C.R. Kennelly ("Kennelly"), and K & L Distributors ("K & L"). This case arises out of a complaint filed by Chapter 11 debtor, Linda Jane Stone, to determine the nature, extent, validity and priority of liens on the proceeds she received from the sale of her liquor license. The bankruptcy court ruled that while a liquor license is property to which a federal tax lien may attach, the prior federal tax lien was subordinate to the claims of creditors who filed objections to the transfer of the liquor license under Alaska Statutes section 04.11.360(4)(A). 121 B.R. 25.

The United States contends that to the extent that section 04.11.360 grants the state, its municipalities, and third-party creditors priority over a federal tax lien which was perfected prior to the state liens, it is preempted by federal law. In accordance with our holding in *United States v. Battley (In re Kimura)*, 969 F.2d 806, 811–13 (9th Cir.1992), we affirm that portion of the judgment permitting the State to condition the sale of the liquor license upon satisfaction of the debtor's obligation to pay state and municipal taxes, and reverse that portion of the judgment subordinating the prior federal tax lien to the claims of trade creditors who filed objections to the sale of the license under the Alaska statute.

## I.

Debtor Linda Jane Stone operated a liquor establishment in Fairbanks, Alaska. On November 12, 1979, the Internal Revenue Service made assessments against Stone for unpaid federal employment taxes for the second quarter of 1979 and federal unemployment taxes for 1977, giving rise to a federal tax lien. On April 28, 1980, Stone filed a Chapter 11 petition in bankruptcy. One of the assets of the bankrupt estate was a liquor license.

On August 29, 1984, the bankruptcy court entered an order authorizing the sale of the liquor license free and clear of liens. The license sold for $115,000. The trade-creditor appellees claimed title to the proceeds from the sale of the license by virtue of the fact that they had filed objections to the transfer of the license under Alaska Statutes section 04.11.360(4). The State and Borough had also filed objections to the transfer of the license under section 04.11.360(4), and claimed a portion of the proceeds from the sale to satisfy Stone's tax debt. Section 04.-11.360 prohibits the transfer of a liquor license if

> the transferor has not paid all debts or taxes arising from the conduct of the business licensed under this title unless
>
> (A) the transferor gives security for the payment of the debts or taxes satisfactory to the creditor or taxing authority....

Alaska Stat. § 04.11.360(4)(A). The IRS claimed that the federal tax lien, perfected before both the State and trade creditors filed objections to the transfer of the license under section 04.11.360, gave it first priority to the proceeds from the sale of the license.

On August 11, 1987, Stone commenced an adversary proceeding in the bankruptcy court to determine the nature, extent, validity and priority of all liens on the liquor

license. The complaint also sought an order of distribution of the sale proceeds. The IRS moved for partial summary judgment on the question whether its tax lien gave it an interest in the proceeds held by the debtor.

The bankruptcy court granted the IRS's motion for partial summary judgment, holding that an Alaska liquor license is property to which a federal tax lien may attach. The court also held that the IRS's lien on the liquor license was subject to the liens of creditors who had filed objections to the transfer of the license under Alaska Statutes section 04.11.360(4). In an unpublished memorandum, the Bankruptcy Appellate Panel (BAP) affirmed the order of the bankruptcy court.[1]

## II.

The United States contends that the bankruptcy court erred in holding that the federal tax lien is subordinate to the claims of the State and trade creditors, each of whom filed objections to the transfer of the license under section 04.11.360(4)(A). We "independently review[ ] the bankruptcy court's decision, because [we are] in as good a position as the Bankruptcy Appellate Panel to review the bankruptcy court's findings." *Kimura*, 969 F.2d at 810. The facts are undisputed in this case. We review de novo the bankruptcy court's conclusions of law. *Id.*

1. The parties have not questioned our jurisdiction to review this matter. We have a duty, however, to consider whether we have jurisdiction in each case. *Christian Life Ctr. Litig. Defense Comm. v. Silva (In re Christian Life Ctr.)*, 821 F.2d 1370, 1373 (9th Cir.1987). Our jurisdiction to review the BAP's decision turns on whether the BAP rendered a final order in this case. 28 U.S.C. § 158(d). We have repeatedly held that the rules concerning the finality of judgments are to be given "additional flexibility in the context of bankruptcy proceedings." *Elliot v. Four Seasons Properties (In re Frontier Properties)*, 979 F.2d 1358, 1363 (9th Cir.1992). Thus, "we have held that a bankruptcy order is appealable where it 1) resolves and seriously affects substantive rights and 2) finally determines the discrete issue to which it is addressed." *Id.* Because the BAP's judgment resolves the question of the priority of the federal tax lien, it constitutes a final and appealable order over which we have jurisdiction. *See*

The United States argues that inasmuch as section 04.11.360(4) gives the State and trade creditors priority over a prior federal tax lien, it is preempted by federal law. We squarely addressed the question whether section 04.11.360(4) violates the supremacy of a prior federal tax lien in *Kimura*. 969 F.2d at 811. In *Kimura*, we held that the State could validly reserve to itself and its municipalities the right to payment of delinquent state and local taxes before permitting the transfer of an Alaska liquor license. *Id.* at 812–13. Following *United States v. California*, 281 F.2d 726, 728 (9th Cir.1960), we explained that the State may validly define the property interest of the delinquent taxpayer to include only the residual value of the proceeds from the sale of the state-created liquor license after the transferor's state and local tax debt is satisfied. *Id.* Because a federal tax lien only attaches to the property interest held by the debtor, *United States v. Rodgers*, 461 U.S. 677, 690–91, 103 S.Ct. 2132, 2141, 76 L.Ed.2d 236 (1983), the federal tax lien attaches only to the residual value of the proceeds after state and local taxes are paid. *Kimura*, 969 F.2d at 812–13; *California*, 281 F.2d at 728. In this case, the State and Borough seek to use a portion of the proceeds to satisfy Stone's tax debt. Pursuant to our decisions in *California* and *Kimura*, we hold that the federal tax lien attaches only to the residual value of the proceeds after the transferor's state and local tax debt is satisfied.[2]

*Christian Life Center*, 821 F.2d at 1373 (bankruptcy court's order appealable under 28 U.S.C. § 158(d) because it "finally determined the question of subordination of officers' indemnity claims" and "[n]o further action on this issue [wa]s contemplated or necessary.").

2. The IRS contends that because it conceded priority of the claim of the Municipality of Anchorage in *Kimura*, our statement in that case, permitting the state to reserve to itself a property right to state and local taxes as a condition to the transfer of a state-created liquor license, is dictum. The IRS misinterprets our holding in that case. We expressly held that the State could condition the transfer of the license upon satisfaction of the transferor's tax liabilities. *Id.* at 813. An express resolution of that issue was necessary in order to dispose of the argument that giving priority to the federal tax lien would conflict with our prior holding in *California*. *See id.* at 812.

Although the State may validly reserve a property interest in itself to be paid before a state-created liquor license may be transferred, we held in *Kimura* that the State may not create a property interest in favor of third-party creditors that would defeat the supremacy of a prior federal tax lien. *Id.* at 813. "[W]hen a federal tax lien and a state law lien compete, priority is determined by the general rule that 'the first in time is the first in right.'" *Id.* (quoting *United States v. City of New Britain*, 347 U.S. 81, 85, 74 S.Ct. 367, 370, 98 L.Ed. 520 (1954)). In this case, the trade creditors do not assert that their liens were perfected prior to the federal tax lien. Therefore, under the law of this circuit as expressed in *Kimura*, we hold that the prior federal tax lien is superior to the claims of trade creditors[3] which filed objections to the transfer of the license under section 04.11.360(4). Insofar as section 04.11.360(4) contemplates otherwise, the statute is "invalid and unenforceable." *Id.*

### III.

The State and Hotel argue that by holding section 04.11.360(4) to be preempted by federal law, our decision in *Kimura* effectively overrules our earlier decisions in *Artus v. Alaska Dep't of Labor (In re Anchorage Int'l Inn)*, 718 F.2d 1446 (9th Cir.1983) and *United States v. California*, 281 F.2d 726 (9th Cir.1960). Citing *Greenhow v. Secretary of Health & Human Servs.*, 863 F.2d 633, 636 (9th Cir.1988), *overruled by United States v. Hardesty*, 977 F.2d 1347, 1348 (9th Cir.1992) (en banc), *cert. denied*, —— U.S. ——, 113 S.Ct. 1429, 122 L.Ed.2d 797 (9th Cir.1993), the State and Hotel argue that unless and until the conflict is resolved by an en banc decision of this circuit, we must follow our prior decisions in *Artus* and *California*. Hotel Supp.Br. at 8; Alaska Supp.Br. at 5.

We note at the outset that, even though the parties failed to inform us of the change in the law of our circuit, the en banc court has expressly overruled the panel's decision

in *Greenhow*. *Hardesty*, 977 F.2d at 1348. In *Hardesty*, the court explained that a "panel faced with [an intracircuit] conflict *must* call for en banc review." *Id.* (quoting *Atonio v. Wards Cove Packing Co.*, 810 F.2d 1477, 1479 (9th Cir.1987) (en banc), *cert. denied*, 485 U.S. 989, 108 S.Ct. 1293, 99 L.Ed.2d 503 (1988)). En banc review of *Kimura* is unnecessary, however, because our holding in that case does not conflict with our prior holdings in *Artus* and *California*.

In *Artus*, we addressed the question whether the priority given to trade creditors under section 04.11.360 was pre-empted by the federal Bankruptcy Act. 718 F.2d at 1449. We held that the statute did not conflict with federal bankruptcy law. *Id.* at 1451. We reasoned:

> Section 04.11.360(4) does not, as the bankruptcy court concluded, frustrate the Act's "purpose of providing an equitable distribution of a bankrupt's non-exempt property to all creditors of the same class." Creditors who hold prior rights under the Alaska statute are simply not in the "same class" as other creditors.

*Id.* at 1451–52. In *Kimura*, we explained that because *Artus* did not require the court to "construe federal law involving competing claims as against a federal tax lien," we were not bound by our holding in that case. *Id.* at 813.

*Kimura* also distinguished our earlier decision in *California*, 281 F.2d at 728, on the ground that while a state may reserve to itself payment of state taxes as a statutory condition for the transfer of a state-created liquor license, it cannot reserve a similar right to third persons. 969 F.2d at 812–13. We explained:

> In *United States v. California*, we held that California had a right to reserve to itself payment of state taxes as a statutory condition for the transfer of a state-created liquor license. 281 F.2d at 728. We concluded that the state's statutory scheme

---

**3.** Hotel asserts that it is "not a 'trade creditor' but a pension plan set up for the benefit of employees of the state-licensed business operating the liquor license." Hotel Supp.Br. at 7 n. 2. We use the term "trade creditor" to include nongovernmental third-party creditors that have

asserted claims arising from "the conduct of the [liquor-related] business." Alaska Stat. § 04.11.360(4). *See, e.g., Kimura*, 969 F.2d at 809 (treating Hotel as a trade creditor for purpose of interpreting section 04.11.360(4)).

was not in violation of the "paramount right of the United States to levy and collect taxes pursuant to Article I, § 8, of the United States Constitution," even though the scheme's effect was to subordinate the federal tax lien. *Id.* at 727. We reasoned that the issue was not the supremacy of the federal tax lien but the nature of the property to which the lien attached.

. . . .

... *Consistent with our holding in United States v. California,* we agree that the state of Alaska, here, had the right to reserve to itself payment of delinquent state and local taxes, such that the delinquent taxes owed to the Municipality of Anchorage are entitled to first priority from the proceeds of the sale of the Kimuras' liquor license.

. . . .

[However,] Alaska Stat. § 04.11.360(4) creates no property interest in *third persons* insofar as federal tax liens are concerned. . . .

*Id.* (emphasis added). Accordingly, *Kimura* is not in conflict with the prior decisions of this circuit.

### IV.

The State further maintains that its right to condition the transfer of a liquor license upon the satisfaction of the claims of trade creditors is protected under section two of the Twenty-first Amendment.[4] As we noted in *Kimura,*

[w]e find this argument unpersuasive. Fundamentally, this case does not concern regulation of liquor. The issue involves the primacy of a federal tax lien over a state license. That the license happens to regulate a liquor establishment is purely coincidental and does not effect [sic] our substantive analysis. Nor does our decision impinge on the State's ability to regulate the delivery or sale of liquor (as opposed to licenses) in the state.

4. Section two of the Twenty-first Amendment provides:

The transportation or importation into any State, Territory, or possession of the United

*Kimura,* 969 F.2d at 814 n. 4. Thus, we reject the State's contention that section 04.11.360(4) is a valid exercise of its power under the Twenty-first Amendment to regulate liquor distribution within its jurisdiction.

### V.

Hotel argues that "by failing to object to the application for sale [of the liquor license], the IRS has waived and is estopped from asserting any of its rights to object to the proposed pro rata distribution of the liquor license proceeds." Hotel Br. at 19. This contention is without merit. "[T]he IRS ha[s] no duty to object at any proceeding prior to the proposed distribution of the proceeds. . . ." *Kimura,* 969 F.2d at 814. Thus, the IRS's failure to object at the time Stone petitioned for the sale of the license does not preclude it under principles of waiver or estoppel from claiming an interest in the proceeds of the sale once a distribution of the proceeds is proposed. *Id.*

Hotel further argues that because "[t]he IRS withheld notice of its objection until such time as other license-related creditors had no opportunity to ... block the transfer or protect their interest created by the statute," the liquor-related creditors have been denied due process of law. Hotel Br. at 18. This contention is also meritless. A protected property interest is a necessary predicate to invoking the protections of due process. *Mathews v. Eldridge,* 424 U.S. 319, 332, 96 S.Ct. 893, 901, 47 L.Ed.2d 18 (1976). Because the State may not reserve to third-party trade creditors a property interest that would defeat the supremacy of a prior federal tax lien, *Kimura,* 969 F.2d at 813, the trade creditors cannot claim a property interest that is subject to due process protections.

AFFIRMED in part, REVERSED in part, and REMANDED.

States for delivery or use therein of intoxicating liquors, in violation of the laws thereof, is hereby prohibited.

U.S. Const. amend. XXI, § 2.