**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| In re: MARLOW HOWARD HOOPER, DBA Alta Loma Financial and MONIQUE LORI HOOPER, <br><br> Debtors, <br><br> ———————————— <br><br> MARLOW HOWARD HOOPER and MONIQUE LORI HOOPER, <br><br> Appellants, <br><br> v. <br><br> KARL T. ANDERSON, Chapter 7 Trustee; et al., <br><br> Appellees. | No. 12-60013 <br><br> BAP No. 11-1269 <br><br> MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Pappas, Markell, and Case, Bankruptcy Judges, Presiding

Submitted January 9, 2014[**]
Pasadena, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: W. FLETCHER, M. SMITH, and WATFORD, Circuit Judges.

Appellants Marlow and Monique Hooper appeal from the Bankruptcy Appellate Panel's decision affirming the bankruptcy court's orders (1) overruling their objection to Appellee GMAC Mortgage, LLC's (GMAC) proof of claim; and (2) granting the Chapter 7 Trustee's motion for an order authorizing the global compromise of the adversary proceeding between, inter alia, the Trustee and GMAC. Because the parties are familiar with the facts and procedural history of this case, we repeat only those facts necessary to resolve the issues raised on appeal. We affirm.

First, the bankruptcy court did not abuse its discretion in overruling the Hoopers' objection and allowing GMAC's proof of claim. The bankruptcy court properly allowed the claim based upon GMAC's status as holder of the promissory note, which made the purportedly fraudulently altered deed of trust irrelevant. *See Global W. Dev. Corp. v. N. Orange Cnty. Credit Serv., Inc.* (*In re Global W. Dev. Corp.*), 759 F.2d 724, 727 (9th Cir. 1985) (per curiam). The Hoopers did not produce evidence sufficient to defeat GMAC's proof of claim. *See Lundell v. Anchor Constr. Specialists, Inc.* (*In re Lundell*), 223 F.3d 1035, 1039 (9th Cir. 2000).

2

Second, the bankruptcy court did not abuse its discretion in approving the compromise.  The bankruptcy court did not err in its assessment of the four factors from *Martin v. Kane* (*In re A&C Properties*), 784 F.2d 1377, 1381 (9th Cir. 1986).

**AFFIRMED.**